SAMUEL MASTROBATTISTA, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT, v. ESSEX COUNTY PARK COMMIS- SION, DEFENDANT-APPELLANT AND CROSS-RESPOND- ENT.

FRANK W. MILBAUER, Jr., PLAINTIFF-RESPONDENT AND CROSS-APPELLANT, v. ESSEX COUNTY PARK COMMIS- SION, DEFENDANT-APPELLANT AND CROSS-RESPOND- ENT.

Superior Court of New Jersey
Appellate Division

Argued October 13, 1964—Decided October 30, 1964.

Before Judges Conford, Kilkenny and Lewis.

*Mr. John J. McDonough* argued the cause for appellant and cross-respondent (*Messrs. Darby & McDonough,* attorneys; *Mr. Andrew W. Kleppe,* on the brief).

*Mr. Thomas E. Durkin, Jr.* argued the cause for respondents and cross-appellants (*Mr. William J. Gearty,* of counsel and on the brief).

The opinion of the court was delivered by

Conford, S. J. A. D. These are consolidated actions in the Superior Court, Law Division, by two police officers of the Essex County Park Police to recover unpaid salary for the respective periods of time between their suspensions on charges of misconduct, followed by removal therefor, and the dates of their restoration to duty after successful appeals to the State Civil Service Commission. The trial court held for the plaintiffs but deducted from the unpaid salaries sums earned by them in other employment in determining the amounts for which recovery should be allowed. Defendant Essex County

Park Commission appeals the judgment insofar as it allows plaintiffs any recovery at all; plaintiffs cross-appeal the diminution of their damages in the manner indicated. As we have concluded that the appeal of the Park Commission is well-taken, it will not be necessary to consider the cross-appeal.

The reasons for the removal of the plaintiffs, which were entirely different in each case, are of no present concern. The Civil Service Commission, after hearings *de novo* in each case, found the evidence not sufficient to justify the determinations of guilt of the charges by the appointing agency, and the men were ordered restored to their posts. No order was made in either case respecting payment of back salary except that plaintiff Milbauer was ordered reinstated as of the date of his suspension.

The position of defendant on this appeal is simply stated. Each of the plaintiffs is and was during the period of service and suspension a public officer, and therefore the holder of an "office" as distinguished from a position or employment. By the common law, which still obtains except as changed by statute, a public officer cannot recover salary for a period of time during which he was not actually rendering public service even if that fact results from his removal from service on grounds which are later determined in appropriate proceedings not to have been warranted and he is consequently ordered restored to incumbency of the office. Plaintiffs concede (or do not controvert) the rules of law thus stated but assert that the Legislature has indeed changed their effect in this case by the enactment of *R. S.* 11:15-6, as extended in scope by *N. J. S. A.* 11:2A:1. The trial court agreed with them, and in particular with the asserted effect of the decision in *Walklet v. Civil Service Commission,* 114 *N. J. L.* 582 (*Sup. Ct.* 1935), as controlling the issue in their favor.

One may deprecate the artificialities inherent in some of the distinctions between public officers and public employees for purposes of civil service law, see *Miele v. McGuire,* 31 *N. J.* 339, 347 (1960), particularly as applied to such officers as ordinary policemen. However, the most recent perti-

nent decisions of the Supreme Court on the subject of recovery of back pay during a period of suspension or removal leave no doubt that, absent express legislative provision to the contrary, a public officer cannot recover salary for the period of his suspension or removal, when he was not actually rendering service, notwithstanding later restoration to his duties, but an employee or holder of a position, on the other hand, can so recover where improperly suspended or removed or where the charges have been found not to have been warranted. *Miele v. McGuire, supra,* allowing recovery by the holder of a position; *DeMarco v. Board of Chosen Freeholders,* 21 *N. J.* 136 (1956); *Winne v. Bergen County,* 21 *N. J.* 311 (1956), both of the latter decisions denying recovery to a public officer.

In stressing the continued viability of the distinction between officers on the one hand, and employees and position holders on the other, in relation to the foregoing problem, Mr. Justice Jacobs spoke for the Supreme Court in each of the three cases cited above and particularly relied upon the leading case of *Ross v. Board of Chosen Freeholders of Hudson County,* 90 *N. J. L.* 522 (*E. & A.* 1917). There a Hudson County jail guard was illegally dismissed from his position by the sheriff, his superior, and was later restored to duty by action of the State Civil Service Commission. His subsequent action for recovery of interim lost salary was dismissed by the Circuit Court on the ground that his position was sufficiently analogous to a public office to make applicable the common-law rule of denial of compensation to an officer who had not actually rendered service during the period claimed for. This judgment was reversed by the Court of Errors and Appeals on the express ground that the plaintiff's position differed from an office and was more assimilable to the category of an employment. Citing earlier authority, the court held that the status of employment connoted a contractual relationship with the hiring public agency and that dismissal of the plaintiff "in violation of the civil service act constituted such a breach" thereof (at *p.* 527) as entitled him to recovery of damages therefor on the basis of the law of contracts (at *p.* 528).

As to the question whether the present plaintiffs are public officers, rather than employees, nothing is better settled by our cases. Policemen or patrolmen of any rank have been held or regarded as officers in such illustrative cases as *Mayor, etc. of Hoboken v. Gear*, 27 *N. J. L.* 265 (*Sup. Ct.* 1859); *Fitzpatrick v. City of Passaic*, 105 *N. J. L.* 103 (*Sup. Ct.* 1928), affirmed o. b. 105 *N. J. L.* 632 (*E. & A.* 1929); *Hillel v. Borough of Edgewater*, 106 *N. J. L.* 481 (*E. & A.* 1930); *Duncan v. Board of Fire, etc. Commissioners*, 131 *N. J. L.* 443 (*Sup. Ct.* 1944); and *Strohmeyer v. Little Ferry*, 136 *N. J. L.* 485 (*E. & A.* 1948). Approval of the foregoing is implicit in the opinion in the *DeMarco* case, *supra*, wherein most of the foregoing decisions were cited and discussed (21 *N. J.*, at *pp.* 140–144), and in the holding therein that a county detective came within the scope of the rule of nonrecovery affecting public officers. Compare the recital there (at *p.* 139) of the nature of the statutory duties appertaining to the "office" of county detective with those of a county park policeman like these plaintiffs specified in *N. J. S. A.* 40:37–155 (power of arrest and arraignment before local criminal court of violators of regulations of park commission adopted for protection and control of parks; park police to "have all the powers conferred by law on police officers or constables in the enforcement of the laws of this State and the apprehension of violators thereof").

██ It thus appearing to be clear and, indeed, not disputed in this case, that plaintiffs are public officers who cannot recover salary for a period in which they were not actually working unless they can point to a statute applicable to them expressly altering the rule, we turn to a consideration of the legislation relied upon by plaintiffs for that purpose. Before doing so, however, we take note of the principle that any statute claimed to have the effect of altering the common-law rule here involved must be given strict construction because in derogation of the common law. *DeMarco v. Board of Chosen Freeholders, supra* (21 *N. J.*, at *p.* 145); *Winne v. Bergen County, supra* (21 *N. J.*, at *pp.* 315–316). For ex-

ample, *R. S.* (now *N. J. S. A.*) 40:46–34 was a consolidation of earlier enactments which, as originally adopted, provided that whenever a municipal officer or employee, including any policeman or fireman, should be illegally dismissed from his office or employment, and the dismissal later judicially declared illegal, he would be entitled to recover the salary for the period of the dismissal. But this was held not effective to cover the case of a policeman suspended but not dismissed, *Strohmeyer v. Little Ferry, supra;* and so the law remained until the statute was amended to cover the contingency of suspension as well as dismissal. *L.* 1948, *c.* 163. *Graham v. Asbury Park,* 69 *N. J. Super.* 256 (*App. Div.* 1961), affirmed o. b. 37 *N. J.* 166 (1962).

Plaintiffs obviously cannot claim the benefit of *N. J. S. A.* 40:46–34, because, like the plaintiff in *DeMarco, supra,* they are county, not municipal, officers. (Attempts have been made in the Legislature in recent years to extend the benefits of *N. J. S. A.* 40:46–34 to county and state personnel, but without success. See, *e. g., Assembly Bill, No.* 252, 1962.) But plaintiffs assert that by the enactment of *L.* 1930, *c.* 176, § 34, now *R. S.* 11:15–2 to 11:15–6, incl., and *N. J. S. A.* 11:2A–1, they have become entitled, in the premises, to recovery of their back pay.

Section 34 of the 1930 enactment cited provided a comprehensive plan for appeal to and review by the State Civil Service Commission of removal of a "permanent *employee*" in the *state* classified service. This became part of *Chapter* 15, *Title* 11, "*Civil Service*," *Revised Statutes of* 1937. The portion thereof which became *section* 11:15–6, particularly what is italicized below, is what plaintiffs specifically rely upon.

"The commission shall, within fifteen days after the completion of the investigation, inquiry or hearing, and sooner if practicable, render a decision to be forthwith certified to the appointing authority who shall forthwith enforce the same.

The decision shall state whether the removal of the employee is approved, *or whether he is to be restored to his position without loss of pay,* transferred to another position in the same class, fined,

demoted, suspended without pay or with reduced pay, for a period not exceeding six months, or to be reprimanded or otherwise dealt with.

The commission may, when in its judgment the facts warrant it, modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed, except that removal from the service shall not be substituted for a lesser penalty." (Emphasis ours)

It is plaintiffs' argument that by the language we have emphasized the Legislature has declared that any civil servant within its scope who has successfully appealed a dismissal for cause before the Civil Service Commission is *thereby* substantively entitled to back pay for the period of non-service, thus nullifying the common-law rule of nonrecovery by public officers in such case. Plaintiffs seek to overcome the express limitation of the effect of *sections* 11:15–2 to 6 to the state service, having regard to the fact that they are in county posts, by reference to *N. J. S. A.* 11:2A–1 which provides:

"No employee of the State, or of any county, municipality or school district of the State shall be suspended, fined, or demoted more than 3 times in any 1 year, nor for more than 5 days at any 1 time, nor for a period of greater than 15 days in the aggregate in any 1 year or discharged without the same right of appeal to the commission, which shall have the same power of revoking or modifying the action of such authority, as in the case of removal as provided in section 11:15–2 to 11:15–6 of the Revised Statutes."

Analysis of all the legislation *in pari materia* and of the pertinent judicial decisions develops several approaches converging upon a conclusion fatal to plaintiffs' position.

The history and development of the legislation by which the State Civil Service Commission reviews removals of civil service personnel, state and local, is fully explored in *West New York v. Bock,* 38 *N. J.* 500, 514–520 (1962). Appellate review by the Civil Service Commission of removal of civil service personnel in county and municipal service (applicable to plaintiffs) stems from *L.* 1917, *c.* 236, which basically underlies the remedy for that purpose now constituted by *N. J. S. A.* 11:22–38, 39. The latter provisions cover any "officer, clerk or employee" in the competitive and classified (*N. J.*

*S. A.* 11:22–11.1) service of counties and municipalities. Remedial jurisdiction of the Commission in relation to removals is limited to approval or disapproval of the action of the appointing agency. There is no reference to any power of modification of the order or concerning loss or allowance of back pay.

*R. S.* 11:15–2 to 6, in contradistinction to *N. J. S. A.* 11:22–38 to 40, stems from legislation which had to do only with review by the State Civil Service Commission of removal of *state* civil service personnel, and which was couched only in terms of *employees* (not mentioning officers). *L.* 1930, c. 176, § 34. The extent to which *N. J. S. A.* 11:2A–1 may be regarded as incorporating every provision of *sections* 11:15–2 to 6, lock, stock and barrel, into Civil Service appellate review of removal of county and municipal personnel, otherwise provided for by *N. J. S. A.* 11:22–38 to 40, is dubious. See *West New York v. Bock, supra* (38 *N. J.,* at *pp.* 518–519, *n.* 4) and cases cited therein. The cited case did, however, hold that *N. J. S. A.* 11:2A–1 is effective to give the Commission, on review of removal of local employees, the same power of redetermination of penalty where the Commission affirms the guilt of the employee which the Commission has in relation to state employees under *R. S.* 11:15–6.

But further debate over the extent to which *section* 11:2A–1 operated to encapsulate *R. S.* 11:15–6 within the review procedures of *N. J. S. A.* 11:22–38 to 40 becomes unnecessary, for purposes of the issue presented on this appeal, by the following considerations: (1) the operative effect of both *N. J. S. A.* 11:2A–1 and *R. S.* 11:15–6, and of the companion sections of the latter, is expressly confined to employees. Plaintiffs, as already noted, are officers, not employees; (2) the direction in *R. S.* 11:15–6 that the Commission decide "whether he [any appellant] is to be restored to his position without loss of pay * * *," relied upon by plaintiffs as establishing a *change* in the common-law rule of nonrecovery by an *officer* of back pay, has no such meaning or intent, but was phrased in language geared to the pre-existing legal concept

that an improperly discharged civil service *employee* had a substantive contractual right to back pay. In other words, the legislative allusion mentioned is declaratory of the common law, not a change thereof.

Point (1) above is self-apparent. Against the long, prior judicial history in this State of distinctions between public offices and public employments and positions, see Glasser, "A New Jersey Municipal Law Mystery: What is a 'Public Office?,'" 6 *Rutgers L. Rev.* 503 (1952), the deliberate use by the Legislature of the term "employees" in the sections mentioned above and of such contrasting language as "officer, clerk or employee" and "office, position or employment" in other legislative provisions of cognate import (*N. J. S. A.* 11:22–38; *N. J. S. A.* 11:22–11.1; many more instances of selective usage of such terminology in our Civil Service legislation might be cited) cannot be ignored. These are terms of art in this special field, and we cannot assume that the Legislature was not using them as such, particularly when we are necessarily applying a rule of strict statutory construction to plaintiffs' effort to spell out from *R. S.* 11:15–6 and *N. J. S. A.* 11:2A–1 an alteration of the common-law prohibition of recovery by an officer of unearned salary.

As to point (2) above, plaintiffs' citation of *Walklet v. Civil Service Commission, supra* (114 *N. J. L.* 582), does not aid their thesis. It is true that the court there cited section 34 of the 1930 legislative precursor of *R. S.* 11:15–6 in support of the conclusion that improperly removed state employees (these were apparently regarded or assumed to be employees, not officers) were entitled, after restoration to their positions by the Civil Service Commission, to recover their salaries for the period between removal and reinstatement. However, the employees' entitlement to such recovery was expressly rested by the court (at *p.* 585) solely on the precedent of *Ross v. Board of Chosen Freeholders of Hudson County, supra,* which, as we have already noted, recognized that an improperly removed service *employee* has, after reinstatement by the Civil Service Commission, a contractual cause of action for damages

in respect of lost compensation. (The *Ross* court expressly distinguished earlier cases involving holders of offices.) There was no need, therefore, for the *Walklet* court to look for substantiation of the employees' cause of action in section 34 of the 1930 act, and it cannot be said to have professed to find it there. The only significance of the reference in the *Walklet* opinion to the statutory provision that the Commission decision on review should "state whether the removal of the employee is approved or whether he is to be restored to his position without pay" is that the court was assuming legislative *recognition* thereby of the *existing* employees' common-law right of recovery of back pay if reinstated (asseverated in the *Ross* case) and criticizing the Commission's wrongful impairment of that right in the cases before it without any concomitant finding of just cause for the removals.

It should, moreover, be apparent *a fortiori* that the court in *Walklet* was not in any way holding that the Civil Service Act had created a substantive right to back salary on behalf of an officer reinstated by the Commission. It was dealing with a statute expressly confined to employees, the parties before it were employees, and the authority flatly cited for the determination, *Ross v. Board of Chosen Freeholders of Hudson County, supra,* itself involved a non-officer and pointedly distinguished the situation of an officer from that then before the court.

Judgment reversed; remanded for entry of judgment in favor of defendant.