STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. RAPHAEL ATTI, PLAINTIFF IN ERROR.

Argued January 22, 1941—Decided July 24, 1941.

40

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the defendant in error, *William A. Hegarty,* prosecutor of the pleas (*John Drewen,* special assistant attorney-general, of counsel).

For the plaintiff in error, *Benjamin J. Darling* (*John H. Jobes,* of counsel).

BROGAN, CHIEF JUSTICE. Plaintiff in error was convicted in the Morris County Quarter Sessions of a violation of a certain section of the Election law (*R. S.* 19:34-20). The indictment in two counts charged that plaintiff in error "did solicit the registering of his name on the registry list of said election district (first election district, Borough of Kinnelon, County of Morris) then and there knowing that he was not a legal voter in such district," &c., and, further, that "knowing he was not a qualified voter [he] did vote at said general election," &c. The issue was one of fact, to wit, whether the plaintiff in error, Raphael Atti, was a legally qualified elector of the district in question, *i. e.,* was he domiciled in Morris County for five months next before the election of November 8th, 1938, at which he registered and voted. Atti voted in Union City, Hudson County, New Jersey, at the general election in November, 1937. Up to that time and for ten years prior thereto he was domiciled in Union City. It was undisputed that Atti registered and voted at the general election on November 8th, 1938, in the Borough of Kinnelon, Morris County. To prove its case the state called only one witness, the official stenographer of Morris County, who testified that he had, in the course of duty, stenographically

reported a contested election for the Circuit Court of Morris County (McDonald *v.* Fay, Kinnelon Borough) in January, 1939, and that Atti had testified in the proceeding. The testimony of Atti was read. Objection that this evidence was inadmissible was made, the claim being that under our statute (*R. S.* 19 :34-61) testimony so given may not be used subsequently, to the detriment of the witness, in a criminal proceeding. The legitimacy of the testimony will be considered later. The substance of the testimony given by Atti, in the contested election in the Circuit Court, as read by the official stenographer, was that Atti resided at Fayson Lakes (Morris County) *and* Union City (Hudson County), New Jersey; that he had lived in Union City for eleven years and that he owned "the property" there; that he did not own the property at Fayson Lakes; that he lived at Fayson Lakes for three years; that in about October, 1937, he decided to make Fayson Lakes his residence; that he had no lease; that he intended buying the property at Fayson Lakes but found some difficulty in the title; that he voted in Union City in 1937; that he came to Fayson Lakes "permanently" at the latter part of June, 1938, and went back to Union City about the first of October; that his two children attend school in Hudson County, one at Stevens Academy in Hoboken and the other at grammar school.

Our constitution prescribes who shall be electors and the conditions that must obtain to exercise the right of franchise. The requirement in the matter of residence is that a citizen of full age shall have been a resident of this state for one year and of the county in which the right to vote is claimed for five months next before the election (article 2, paragraph 1).

The question in this case is whether the plaintiff in error was a resident of Morris County in the sense that he was domiciled there for a period of five months next before the election for which he registered and at which he voted. A person may have more than one residence but may not have more than one domicile. His permanent home is his domicile and the place of his domicile determines his right to vote. The domicile is the place of his abode where he has the present

intention of remaining and to which, if absent, he intends to return.

After careful consideration of the whole fact disclosure, that which was read into the record for the state and that which was supplied by the defendant, Atti, as well as Mrs. Atti, his wife, it is clear that the finding of the jury that the plaintiff in error was not domiciled in Morris County and that he therefore unlawfully registered and voted there, is not unreasonable. Certainly he was domiciled in Union City in November, 1937, for he voted in that city. He did nothing in 1938 that he had not been in the habit of doing—so far as his summer home was concerned—during the three or four preceding years. His tenancy was by the year. The house in Morris County was occupied from the time schools close in June until the beginning of October. It was not an "all year round" house since it had no heating plant and it was used out of season for week-ends by Mr. Atti "weather permitting." In January, 1938 (when he had a contract to purchase the place) Atti testified he went there four or five times; he did not go to Fayson Lakes for a "continued" stay until the month of June.

Mrs. Atti testified that in the fall of 1937 she and her husband decided to make their "domicile" at Fayson Lakes "which would be our voting address," but her testimony must be considered in the light of the actions of Mr. Atti and his family.

Thirteen reasons for reversal and assignments of error are argued under six main headings. It is first said that defendant was unlawfully indicted and prosecuted. Reliance is placed upon the statute—*R. S.* 19:34-61—which provides that "A person offending against any provision of this title shall be a competent witness against another person so offending and may be compelled to attend and testify upon any trial, hearing, proceeding or lawful investigation or judicial proceeding in the same manner as any other person. But the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying. A person so testifying shall not thereafter be liable for indictment or presentment by information, nor to prosecution or

punishment for the offense with reference to which his testimony was given, and may plead or prove the giving of testimony accordingly in bar of such indictment, information or prosecution."

It is contended that this provision of the statute rendered the plaintiff in error immune from indictment and prosecution. We do not so construe the statute. A careful reading of its language makes it clear to our mind that the immunity extended by the statute is limited to the protection of an offender against the provisions of this title who testifies *against another offender* in the class or kind of proceeding which the statute specifically mentions. The immunity granted is, in our view, thus strictly limited and the court may not extend it. By stipulation it appears that when Atti testified in the Circuit Court in 1939, in the contested election matter in and for Kinnelon Borough, he was under subpœna. The state, however, was no party thereto. His testimony on that occasion did not relate to any "offense" nor does it appear that he, an offender against the statute, was witness "against another person so offending." It is only such person supplying such testimony who may plead and prove the giving of such testimony in bar of indictment or prosecution. The immunity comprehends only such person under such circumstances.

The next point is a mere restatement of the previous one and requires no discussion.

The third argument is that there was no evidence that Atti knowingly voted illegally. It is said therefore that it was error (a) to refuse to dismiss the indictment; (b) to refuse to direct a verdict of acquittal, and also (c) that the weight of the evidence was against the state. Now the indictment was found under a statute which denounces as a misdemeanor the act of anyone who shall solicit the registering of his name on a registry list, *knowing he is not a legal voter,* or who shall vote at an election *knowing he is not a qualified voter.* It is clear therefore that the state had the burden of proving facts from which the inference was reasonable that Atti had such knowledge. Knowledge, undisclosed, is something peculiarly subjective. But, like intention, it may, as

here, become a fact question from conduct and circumstance and thus be subject to legitimate inference. Atti, of course, is chargeable with knowledge of the fundamental law that he had to be a resident of, *i. e.*, domiciled in, the county in which he registered and voted, for at least five months next preceding such election. He is chargeable with knowledge of the fact that he could not go anywhere he liked in the state and vote unless he permanently lived there for the required time, and this brings us to the question of whether he had actually taken residence in Morris County for five months before the election with the intention of remaining there. The fact that he went back to Union City about October 1st, 1938, even though he returned to the country place for week-ends, the fact that his children went to school in Hudson County, and the fact that he came from Union City on election day to vote in Morris County are circumstances and conduct from which the jury could legitimately impute knowledge to him that he was in fact domiciled in Hudson rather than Morris County. But the argument of the plaintiff in error begs this question by assuming completely that he was in fact domiciled in Morris County which was the issue in dispute. That issue being for the jury's consideration, it was not error to refuse to dismiss the indictment or to direct a verdict for the defendant.

Plaintiff in error invokes the authority of *State* v. *McBarron*, 66 *N. J. L.* 680, to accomplish a reversal of the judgment in this matter. We do not consider that case controlling—it is distinguishable. There the defendant, indicted under a statute quite like the statute in this case, was charged with registering the name of one Roanes, who resided out of the district. There was no proof that the defendant knew that Roanes was disqualified and knowledge of that fact was necessary under the statute. The court held that knowledge on the part of McBarron, an election officer in charge of registration, as to the status of Roanes must be clearly proved or shown by such circumstances as to leave no reasonable doubt in a fair mind. The line of cleavage between the authority of that case and the application of its principle to the facts here is clear. In fine, McBarron was charged with knowledge of

the law but knowledge on his part of the fact of the disqualification of Roanes had to be proved and it was not. Here Atti, too, is chargeable with knowledge of the law, *i. e.*, that at least a five-month permanent residence in the county before the election at which one wishes to vote is necessary and whether he had such domicile was something of which he peculiarly had knowledge—which knowledge the state had the burden of proving. This knowledge was proved by circumstance, conduct and the testimony above referred to. The jury, in its consideration of the proof, determined the fact issue against the defendant and this concluded the issue that Atti was entirely aware that he was not domiciled in Morris County.

The next point (assignments 6-9) comprehends the rulings of the trial court rejecting certain questions advanced by the plaintiff in error. They are not argued with any particularity. In any event we find the rulings complained of free from error.

It is next said that the court's charge was prejudicial to the defendant. No particular argument is made as to why this is said to be so and no excerpt from the charge is challenged as erroneous or prejudicial. We do not find the charge of the court to have been erroneous.

Finally it is said that the verdict is against the weight of the evidence. The testimony has been read to ascertain if this claim is meritorious. We do not think it is; but rather conclude that the finding of the jury, from a consideration of the proof submitted, was justified.

The judgment under review should be affirmed.