111 N.J. Super. 35 (1970)
266 A.2d 611
THOMAS M. MERCADANTE AND MARIO OPROMOLLO, INDIVIDUALLY AND IN BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS,
v.
THE CITY OF PATERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF PATERSON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 22, 1970.
*37 Mr. Abram A. Lebson for plaintiffs (Messrs. Lebson and Prigoff, attorneys).
Mr. Joseph L. Conn for defendants.
MOUNTAIN, J.S.C.
Plaintiffs Thomas M. Mercadante and Mario Opromollo are, respectively, a duly appointed fireman and policeman of the City of Paterson. It is admitted that each had been a resident of the city for two years next preceding his appointment and hence met the requirements of N.J.S.A. 40:47-3. Recently the municipality has taken the position that plaintiffs' are no longer residents of Paterson within the meaning of certain statutes to be mentioned below, and therefore they are subject to disciplinary proceedings and may, in fact, no longer qualify for the positions to which they were appointed. Plaintiffs claim that they and others similarly situated are not, in fact, in violation of these statutes and have brought this suit as a class action seeking a declaratory judgment supporting their contention.
The pertinent statutory provisions are the following:
Except as otherwise provided by law, every person holding an office, the authority and duties of which relate to a county only, shall reside within the county, and every person holding an office, the authority and duties of which relate to a municipality, shall reside within the municipality. [N.J.S.A. 40:11-1]
Whenever an officer of a municipality shall cease to be a bona fide resident therein, or whenever the resignation of any such officer shall have been accepted by the proper authority, a vacancy *38 in his office shall immediately exist, and he shall not exercise any of the duties of the office theretofore held by him. The municipality, by its proper authority, shall immediately proceed to fill the vacancy in the manner and form prescribed by law. [N.J.S.A. 40:46-14]
The officers and men employed in every municipal police department and in every municipal paid fire department and the paid members of every municipal part paid fire department who are permanently employed by the municipality at a fixed annual salary and whose sole occupation is that of fireman in said municipal part paid fire department shall severally hold their respective offices and continue in their respective employment during good behavior, efficiency and residence in the municipality wherein they are respectively employed. [N.J.S.A. 40:47-5]
Plaintiffs initially argue that neither N.J.S.A. 40:11-1 nor 40:46-14 apply since these statutes affect only officers; that firemen and policemen are not officers filling particular offices but are rather employees filling particular positions. The law appears well settled to the contrary. In this state policemen and firemen are municipal officers. Duncan v. Board of Fire, etc., Comm'rs, 131 N.J.L. 443, 445-446 (Sup. Ct. 1944); Isola v. Belmar, 34 N.J. Super. 544, 555 (App. Div. 1955); Guth v. North Bergen Tp., 35 N.J. Super. 24, 27 (App. Div. 1955); Fitzpatrick v. Passaic, 105 N.J.L. 103 (Sup. Ct. 1928), aff'd 105 N.J.L. 632 (E. & A. 1929); LaPolla v. Union County Freeholder Board, 71 N.J. Super. 264, 272-273 (Law Div. 1961); Mastrobattista v. Essex County Park Comm'n, 85 N.J. Super. 283, 288 (App. Div. 1964).
In Kennedy v. Newark, 29 N.J. 178 (1958), it was decided that a residence requirement for governmental employment, whether at the state, county or municipal level and whether imposed by statute or ordinance, is constitutional. This is necessarily conceded by plaintiffs who, however, allege that they meet the residency requirements as set forth in the foregoing statutes.
Plaintiff Mercadante claims that he resides with his mother-in-law and father-in-law on one floor of a three family house in Paterson. He contributes to the rent and sleeps there several nights each week. Meanwhile, his wife *39 and two children live in a one-family residence in Hawthorne which he and his wife purchased for approximately $35,000. The children attend the neighborhood school in Hawthorne and plaintiff sleeps there about three nights a week. There are no marital difficulties between him and his wife. He attends a church in Paterson, while the other members of his family attend a church in Hawthorne. Both are churches of the Roman Catholic faith. He votes in Paterson.
Plaintiff Opromollo claims to reside in a one-family house in Paterson with his divorced sister and her four children. He pays $12 a week rent. He owns, with his wife, his father and a sister, a one family home in East Paterson which is occupied by his wife and four children. His father and sister do not live in the house and appear in the deed as co-owners only to secure plaintiff's financial obligation, undertaken when the home was purchased. He sleeps part of each week in each place. There are no marital difficulties between him and his wife. He votes in Paterson.
Both Hawthorne and East Paterson adjoin the City of Paterson.
The issue, then, is whether under these facts plaintiff's do or do not meet the residence requirements as set forth in the statutory provisions quoted above. Residence may be, but need not be, equated with domicile. Restatement, Conflict of Laws, § 9e.
A person may have more than one residence but may not have more than one domicile. His permanent home is his domicile and the place of his domicile determines his right to vote. The domicile is the place of his abode where he has the present intention of remaining and to which, if absent, he intends to return. [State v. Atti, 127 N.J.L. 39, 41-42 (Sup. Ct. 1941), affirmed 128 N.J.L. 318 (E. & A. 1942)]
Among the factors which are chiefly important in determining the domicile of a person who has more than one residence are the physical characteristics of each, the time spent and the things done in each place, the other persons found there, the person's mental attitude toward each place, *40 and whether there is or is not an intention, when absent, to return. Restatement, supra, § 13c.
Applying these significant criteria to the facts of this case inevitably leads to the conclusion that plaintiff Mercadante is domiciled in Hawthorne and plaintiff Opromollo in East Paterson. At the same time each has a residence of sorts in Paterson. Will these residences, or indeed any residence short of domicile, meet the statutory requirements? In Kennedy v. Newark, supra, 29 N.J. at 183 the court said:
* * * although many decisions will be found in which residence requirements are revealed, there is a virtual dearth of constitutional challenge. The reason no doubt is a common acceptance of the proposition that the Legislature may well find the public interest is advanced by residence within the political unit which provides the pay. Plaintiffs suggest that residence can be relevant only in the area in which there may be calls for emergency work. That is too narrow a view of permissible conceptions of public interest. Government may well conclude that residence will supply a stake or incentive for better performance in office or employment and as well advance the economy of the locality which yields the tax revenues.
Since the requirement we are considering is intended to foster the public interest as so defined, no casual residence was intended but rather a real and principal residence, in short, domicile. Nothing less will create that "identity with the community," State v. Benny, 20 N.J. 238, 252 (1955), which may well have been a legislative goal the advancement toward which was sought by this requirement. It is to be noted that with but few exceptions the Legislature has stipulated that all municipal employees must meet the residency test; it is not confined to firemen and policemen. Furthermore, it should be noted that if the governing body of any municipality finds that adherence to the residence requirements will "seriously impede its ability to establish and maintain competent personnel for its police force or paid fire department," then it may appoint and retain firemen or policemen who fail to meet these tests. N.J.S.A. 40:47-3.3.
*41 Accordingly, it is the court's conclusion that plaintiffs do not at the present time meet the residence qualification for the offices to which they have been appointed. There will be no costs.