261 N.J. Super. 209 (1992)
618 A.2d 387
NICOLE GARRISON, AN INFANT BY HER MOTHER AND NATURAL GUARDIAN, DENISE GARRISON, PLAINTIFFS,
v.
THE TRAVELERS INSURANCE COMPANY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Cape May County.
Decided October 6, 1992.
Joseph M. Assan, for plaintiff (Lisitski & Assan, attorneys).
Joel M. Chipkin, for defendant (Horn, Goldberg, Gorny, Daniels, Paarz, Placter & Weiss, attorneys).
*210 VISALLI, J.S.C.
On May, 27, 1989, plaintiff, Nicole Garrison, was struck and injured by an automobile while walking along Route 47 in Middle Township, Cape May County, NJ. At the time of the accident, plaintiff, age nine, lived with her mother.
Plaintiff's parents had separated in 1987 prior to the accident and plaintiff's father has paid child support since the separation. Plaintiff's parents are now divorced. Although the mother has sole custody of plaintiff and her sister, plaintiff's father has regular but unofficial visitation rights. Plaintiff and her sister have visited their father every other weekend and for extended periods over school holidays since January, 1989.
Plaintiff did recover the $15,000.00 policy limit from the driver of the vehicle. However, this amount is not sufficient to cover all of her medical expenses. Plaintiff is now claiming coverage under her father's policy with defendant, the Traveler's, for underinsured motorists benefits (UIM). Plaintiff's mother does not own a car and as such does not have insurance.
The issue to be decided is whether plaintiff is an insured under the provisions of her father's insurance policy so as to make her eligible for UIM benefits. Resolution of this issue depends upon whether plaintiff is a resident relative of her father's household. Counsel have not cited nor have I found any New Jersey case on point.
The defendant, the Travelers Indemnity Company, contends that there is a Pennsylvania case which strongly supports their position, and shows that the definition of resident relative should not be expanded. In Amica Mutual Insurance Company v. Donegal, 376 Pa.Super. 109, 545 A.2d 343 (1988), the court held that a daughter, who was injured in an accident, but did not reside with her divorced father was not covered by his insurance policy. In Amica, the father's insurance policy provided coverage for family members of the insured (the father) who were residents of his household. At the time of the accident, the daughter was eighteen years old and was living *211 with her mother. Although the daughter had lived with the father at different times prior to the accident, the court noted that she only sporadically visited her father. Id. 545 A.2d at 346. Additionally, it was not clear whether the father paid child support. The Appellate Court reasoned that the policy language, which provided coverage to family members of the insured, evidenced that the objective of the policy was to limit coverage to family members who actually lived in the same household.
While the policy in the Amica case and the policy in the present case are very similar, the daughter in the Amica case was not solely relying on the father's policy. In Amica, the divorced mother's insurer filed an action against the father's insurer to determine whether the father's insurer was required to provide coverage for his injured daughter. In the case before the court, the plaintiff's mother does not have insurance. Thus, Amica is distinguishable from the case under consideration based upon the differences in whether both parents were insured or not, and based upon the type of relationship the minors had with their fathers.
More on point with the issue presented is Countryside Casualty Co. v. McCormick, 722 S.W.2d 655 (App.Div. 1987). This case involved a declaratory judgment to determine whether a non-custodial father of a child killed in an automobile accident was entitled to UM benefits under his automobile insurance policy. Although the mother had legal custody of the child, the father had reasonable visitation rights with the child which he frequently exercised. The father saw the child every other weekend and paid $25.00 in child support every week. Id. at 656.
In Countryside, the Missouri Court of Appeals concluded that "children of two divorced parents can be a resident of both households where the parents and the children can continue to function as family units." Id. at 655. In reaching this conclusion the Court stated that it is "difficult to produce any precise *212 general principals concerning residence." Id. at 657. The Court did identify and analyze several factors to be considered. They are as follows: the age of the child at the time of the accident, (the younger the child the greater the chances it will be a resident of both households); whether the parent had reasonable visitation rights; whether the parent was current in child support; whether the parent and child have a good relationship; and whether the child had a bedroom or separate wardrobe at the non-custodial parent's house. Furthermore, the Court stated these factors should be considered in the aggregate in order to justify the awarding of insurance benefits in this situation. Id. at 658.
All of these factors taken in the aggregate are satisfied in this case. Plaintiff was nine at the time of the accident. She and her father visited frequently, and, plaintiff's father was current in his child support. It appears that plaintiff and her father have a good relationship. No information has been provided as to whether plaintiff has her own bedroom at her father's house or to whether she keeps a separate wardrobe at his house. However, the combination of the first three factors outweighs this lack of information. Despite her parents' divorce, plaintiff and her father have clearly continued to function as a family unit. Thus, the term "resident" should be expanded so that plaintiff can be considered a resident relative of her father's household and be entitled to benefits under his policy with the Traveler's.
Additionally, in New Jersey the term relative, in motor vehicle statutes, has already been expanded to include persons beyond its strict definition. In Brokenbaugh v. New Jersey Manufacturers Insurance Co., 158 N.J. Super. 424, 386 A.2d 433 (App.Div. 1978), an insured's putative foster child was considered a family member of the insured for coverage purposes, even though they were not blood related. Id. 386 A.2d at 433. As a result, the court in part held that the plaintiff was entitled to uninsured motorist coverage. Id. at 424, 386 A.2d 433. The court explained that personal injury protection and uninsured *213 motorist coverage under an automobile insurance policy are part of one insurance package aimed at providing the broadest protection for all persons injured in accidents in New Jersey. In Brokenbaugh, the court stated that the term relative could be expanded to provide the broadest protection. Applying the Brokenbaugh reasoning, the term resident can also be expanded to effectuate the same policy objective. Accordingly, plaintiff can be considered a resident relative of her father's household and is entitled to his insurance policy's UIM provisions.
"Separations and marriage dissolutions often pose difficult problems in regard to determining whether a child is still residing with a named insured for purposes of the uninsured motorist coverage." Countryside Cas. Co., v. McCormick, 722 S.W.2d 655 (Mo. App. 1987), citing Widiss, Uninsured and Underinsured Motorist Insurance Second Ed., Vol. 1, sec. 4.13. The increased existence of non-traditional family situations was unfortunately unforeseen at the time of the statute's construction. However, given today's society, more and more children are raised in divorced households and thus, more and more children, in certain justified factual situations, will need to be provided protection through insurance benefits.
This court determines that the child in the factual context of this case is a resident in the household of both the mother and the father. The child is entitled to benefits under the father's policy. The child is primarily a resident with the mother and would without question be entitled to coverage under the mother's policy, if she had one. This decision is not meant to stand for the proposition that a child in this factual context would be entitled to coverage under both policies of separated parents.
Plaintiff is to submit an appropriate form of order.