280 N.J. Super. 423 (1995)
655 A.2d 936
KENNETH ARENTS AND PEGGY ARENTS, PLAINTIFFS-RESPONDENTS,
v.
GENERAL ACCIDENT INSURANCE COMPANY, DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT,
v.
PAUL ARENTS, THIRD-PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1995.
Decided March 24, 1995.
*424 Before Judges KING, MUIR, Jr. and EICHEN.
Gina M. Sorge, argued the cause for appellant (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Heidi P. Rubin Cohen, on the brief).
Anthony F. Malanga, Jr., argued the cause for respondents Kenneth and Peggy Arents (Gaccione, Pomaco & Beck, attorneys; Mr. Malanga, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.

I
This case presents a claim of dual residence for purposes of $300,000 underinsured motorist (UIM) coverage under a standard form automobile liability policy issued to the named insured Paul Arents (Paul) by appellant General Accident Insurance Company. Paul claimed he had dual residences, both in New York City and New Jersey, on November 14, 1990 when his father Kenneth Arents (Kenneth) was struck by an underinsured vehicle in Nutley, New Jersey. The Law Division judge accepted the claim of Paul's dual residence and found that Paul and Kenneth were members of the same household in Nutley, New Jersey, declaring Paul's UIM coverage available to Kenneth. We find ample support in the record for this conclusion and affirm. We disagree with General Accident's contention that in this situation Paul was a resident of New York City only and not a member of the Nutley, New Jersey household.

II
This declaratory judgment action was brought by Kenneth and his wife, Peggy Arents, residents of 44 Stanley Avenue, Nutley, New Jersey for an adjudication of UIM coverage (N.J.S.A 17:28-1.1(e)(1)) under an automobile policy issued to their son, Paul. *425 The relevant portions of the policy in which Paul is the named insured provide that General Accident
will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle" where such coverage is indicated as applicable in the Schedule or Declarations because of:
1. "Bodily injury" sustained by an "insured" and caused by an accident;
....
"Insured" as used in this endorsement means:
1. You [the named insured] or any "family member."
The policy lists Paul's residence at 44 Stanley Avenue in Nutley.
The policy defines "family member" as "a person related to you [the named insured] by blood, marriage or adoption who is a resident of your household." The terms "household" and "resident" were not defined by the policy. Definition of these terms then becomes a task for the court in the factual context of a particular case.
The plaintiffs Kenneth and Peggy own a home in Nutley on 44 Stanley Avenue. They have lived in the home since 1960. Paul, born in 1950, lived exclusively in this home from 1960 to 1980. He then moved to New York City in 1980 where he has been employed ever since. Paul now lives in a one-bedroom apartment on 105 Christopher Street in the Greenwich Village area. He has lived there since 1985. Before that he lived on West 10th Street in the City.
Since 1980 to the present time Paul has continued to maintain his own room in his parents' home in Nutley. This permanent room in the Nutley home contains many personal belongings accumulated over the years. He stays overnight at the Nutley home regularly two nights a week, usually Monday and Tuesday nights. Sometimes he comes to the home on Tuesday and Wednesday nights, and also occasionally on a Sunday. He is now age 41 and single. Kenneth is age 87 and Peggy is age 73.
Paul keeps a wardrobe, mostly leisure clothing, and toiletries and personal items in Nutley. His overnight stays there are regular because each Tuesday he attends the local boy scout *426 meetings from 7 to 9 p.m. in Nutley, where he is the Committee Chairman. He has been very active in Boy Scouting since childhood. Paul regularly and weekly assists his mother with grocery shopping. He does all of the household repairs and maintenance. He testified to some examples such as retiling the bathroom, cementing the sidewalk, repairing the mailbox, shoveling snow, and fixing the furnace and washing machine. He is an electrical engineer by training. His father is not skilled or handy in this regard. Paul's mother makes his meals and cleans the clothes and linens which he uses while in Nutley.
Since licensed to drive at age 17, in 1967, Paul serially has owned three cars, the first in 1968. They have all been garaged full-time in Nutley which he has always declared as his residence on the applications and renewals for the policies. The cars have all been insured with General Accident through the Russo Insurance Agency in Nutley. His present vehicle is a 1977 Mustang, total mileage only 24,000 miles. The car obviously receives modest use; Paul estimated about 1,300 miles a year for present use in his annual answer to the underwriters' inquiry. He took the car overnight to New York City just once during the year before his deposition testimony in December 1991. He goes back and forth to the City on public transportation. He is a licensed professional engineer in New Jersey, gets mail in this State, and has some credit cards and a local library card from the Nutley address. Paul is registered to vote in New York City and pays that City's wage and the New York State income tax. He keeps no vehicle in New York City.
The Law Division judge took some brief testimony from Paul, considered the deposition testimony of Paul and his parents, certain insurance-related documents, and ruled in favor of dual residency. The judge specifically found, in a brief letter opinion,
Summary judgment is granted as to the plaintiff Kenneth Arents. I find that he should be entitled to file a claim pursuant to the underinsured motorist endorsement of his son Paul's policy since I feel that Paul is more than just a visitor in his parents' home. Because Paul consistently spends two nights a week in the New Jersey home, registers, and insures his automobile at that address, and performs *427 numerous household chores, he is a resident of his parents' Nutley, New Jersey household. Moreover my recollection is that most of Paul's driving was in New Jersey.
General Accident contended that Paul was a resident of New York City only and that since Kenneth was not a resident of Paul's New York City household, there could be no coverage under the UIM feature. The judge concluded that since Paul was a resident of the Nutley household, as was Kenneth, the latter as a "family member" became an additional insured under Paul's automobile policy for purposes of UIM coverage.
We stress that this is not a situation like Bidnick v. Hanover Ins. Co., Inc., 230 N.J. Super. 111, 552 A.2d 1023 (App.Div. 1989), where the automobile insurance carrier successfully sought to rescind and void the policy and to rebate the premium after the carrier learned that the insured falsely had represented he was a New Jersey resident when he actually was a New York resident. In the case before us, General Accident has never sought to void the policy for fraud or misrepresentation by the insured Paul Arents in any of the particulars respecting his representations concerning the insured 1977 Mustang, its principal use, its place of garaging, or the circumstances of his residence. In all respects General Accident appears to accept that his cars, always insured by General Accident, were registered, garaged and principally driven in Nutley, New Jersey, over the years since 1980. There is no claim that this situation is a subterfuge to escape higher rates for a car garaged in the City. General Accident resists this claim solely on the coverage point, that Paul was not a resident of the 44 Stanley Avenue household but was only a resident of New York City and that Kenneth was not a resident of the latter household.
General Accident's argument seems to hinge on the claim that the 44 Stanley Avenue home must be Kenneth and Peggy's household only, and may not be the named insured's, Paul's, household as well. As noted, the policy does not define either "resident" or "household." The solution to this problem of construing an insurance policy must be approached with well-settled doctrine in mind. See Mazzilli v. Accident & Casualty Ins. Co. of *428 Winterthur, 35 N.J. 1, 7, 170 A.2d 800 (1961) (two dwellings on a single tract may constitute one "household" for liability coverage purposes). "When a policy fairly supports an interpretation favorable to both the insured and the insurer, the policy should be interpreted in favor of the insured." Salem Group v. Oliver, 128 N.J. 1, 4, 607 A.2d 138 (1992). A contrary conclusion would defeat the reasonable expectations of the insured, which should be respected to the extent allowed by the policy's language. Ibid.
Our Supreme Court has observed that "household is not a word of art." Mazzilli, supra, 35 N.J. at 8, 170 A.2d 800. The word "is treated in many contexts as synonymous with `family'." Ibid. Our courts recognize that a person may have more than one residence but may not have more than one domicile. Mercadante v. City of Paterson, 111 N.J. Super. 35, 39, 266 A.2d 611 (Ch.Div. 1970), aff'd o.b., 58 N.J. 112, 275 A.2d 440 (1971), quoting State v. Atti, 127 N.J.L. 39, 41-42, 21 A.2d 603 (Sup.Ct. 1941), aff'd, 128 N.J.L. 318, 25 A.2d 634 (E. & A. 1942). And, indeed, a person may be a resident of more than one household for purposes of the availability of insurance coverage. In Miller v. U.S. Fidelity & Guaranty Co., 127 N.J. Super. 37, 43, 316 A.2d 51 (App.Div. 1974), we found that a child was a resident, for liability insurance coverage purposes, of both his mother's and father's households when the child lived with his mother during the week and his father during the weekends, following a divorce decree. In Miller, Judge Michels specifically recognized that a person "may be a resident of more than one household for purposes of insurance," id. at 43, 316 A.2d 51, relying in part on Travelers Ins. Co. v. Mixon, 118 Ga. App. 31, 32, 162 S.E.2d 830, 831 (1968) (nineteen-year old son lived in insured's home on weekends and out-of-town near work during week), and State Farm Mut. Auto. Ins. Co. v. Holloway, 423 F.2d 1281, 1283 (10th Cir.1970) ("An insured under an automobile liability policy could legally maintain more than one household."). A finding that a person is a resident of one household does not necessarily preclude, as a matter of law, that person's residence in another household as well. Miller, supra, *429 127 N.J. Super. at 43, 316 A.2d 51. A "substantially integrated family relationship" is the touchstone of a household. Id. at 44, 316 A.2d 51. Exclusivity of residences or households is not demanded by the cases.
We conclude that for purposes of insuring the 1977 Ford with General Accident, Paul had a legitimate residence at 44 Stanley Avenue in Nutley and was a legitimate member of that household along with his mother and father. These are reasonable inferences from the basically undisputed facts before the Law Division judge. Paul's cars were always registered, garaged, operated and insured by General Accident from the Nutley home from 1980, when he moved to New York City, through the time of this accident in November 1990.
The cases relied upon by General Accident, of which Goldberg v. Commercial Union Ins. Co. of N.Y., 78 N.J. Super. 183, 188 A.2d 188 (App.Div. 1963), and Crossfield v. Phoenix Ins. Co., 77 N.J. Super. 476, 187 A.2d 20 (App.Div. 1962), are representative, involve permanent transfers of residences or domiciles to new quarters, separate and away from the insured premises or residence. In affirming here, we ultimately rely on the basic, long-recognized principles articulated in Mazzilli:
[1.] [W]here the policy provision under examination relates to the inclusion of persons other than the named insured within the protection afforded, a broad and liberal view is taken of the coverage extended.
....
[2.] [F]rom [the] cases wherein the courts were required to appraise the outer limits of "household," when some benefit would accrue to a member of the family by a broad construction, such view was adopted.
[Mazzilli, supra, 35 N.J. at 8, 9, 170 A.2d 800.]
See also Salem Group v. Oliver, 248 N.J. Super. 265, 271, 590 A.2d 1194 (App.Div.), aff'd o.b., 128 N.J. 1, 607 A.2d 138 (1992). The Law Division judge reasonably inferred from the facts in this record that Paul was a resident of 44 Stanley Avenue, Nutley for purposes of insuring his 1977 Ford Mustang over the years up to the 1990 accident causing injury to his father, Kenneth, who was a family member and a resident of a household of which his son *430 Paul, the named insured, was also a member. We affirm the adjudication of UIM coverage in favor of Kenneth.
Affirmed.