294 N.J. Super. 28 (1996)
682 A.2d 277
MARIA J. LEMOS, PLAINTIFF,
v.
JOSE A. SOUSA, HELEINE E. KOPENSKI, CONTINENTAL LOSS ADJUSTMENT SERV., NEW JERSEY, USAA PROPERTY AND CASUALTY INSURANCE COMPANY, JOE DOE I-X AND JANE DOE I-X (SAID NAMES BEING FICTITIOUS), DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
Decided May 9, 1996.
*30 Judith DeRosa, for plaintiff (Antonio R. Espinosa, attorney).
Reed C. Kleinle, for defendant USAA Property and Casualty Insurance Company (Sullivan and Graber, attorneys).
Peter A. Piro, for defendant Jose A. Sousa (Hack, Piro, O'Day, Merklinger, Wallace & McKenna, attorneys).
Edmund J. Green, for defendants Heleine E. Kopenski and Continental Loss Adjustment Serv., New Jersey (Grandstrand & Caiati, attorneys).
PISANSKY, J.S.C.
This is a case of first impression brought before the court on defendant USAA Property and Casualty Insurance Company's (USAA) motion for summary judgment and plaintiff, Maria Lemos's, cross-motion for a declaratory judgment. The issue is whether USAA is required to provide underinsured motorist (UIM) coverage to a non-licensed wife under her husband's insurance policy, which provides coverage to a spouse residing in the marital residence, when the couple has separated and the named insured husband no longer resides in the same household. This precise issue has been addressed by the Legislature in the context *31 of uninsured motorist (UM) coverage. Specifically, N.J.S.A. 39:6A-2(g), together with N.J.S.A. 39:6A-14, which makes UM coverage mandatory, provides that UM coverage shall continue for a spouse covered under the other spouse's insurance policy, even if they separate and no longer reside in the marital residence together.
In July, 1993, Ronald Moreno, Plaintiff Maria Lemos's husband at that time, purchased automobile insurance from USAA. As Moreno was the only licensed driver in the household, he was the only named individual in the Declaration sheet. Lemos was covered under the spousal provision which stated:
Throughout this policy `you' and `your' refer to:
1. The `named insured' shown in the Declarations; and
2. The spouse, if a resident of the same household.
At the time, the Morenos resided at 74 Main Street, Newark. On August 1, 1993, the couple, along with their two children, moved to 41-51 Wilson Ave., Newark. Soon thereafter, the couple separated and Mr. Moreno moved out of the Wilson Avenue apartment.
On October 3, 1993, Lemos, while a passenger in an automobile owned by Jose A. Sousa, was involved in an automobile accident. Lemos settled with Sousa's carrier for $25,000.00, the policy limits of his insurance. Lemos then sought the balance of her damages pursuant to the UIM provisions of Moreno's policy. USAA now moves for summary judgment, arguing that it is not required to provide coverage since Lemos no longer resided in Moreno's "household" as he had moved out prior to the accident. It is further argued that because UIM coverage is optional, it cannot be treated as UM coverage, where, because of statute (N.J.S.A. 39:6A-2(g)), there is coverage despite the separation of the husband and wife.
The question, then, is whether Lemos ceased to be covered for UIM when Moreno left the marital residence. It is undisputed that the second marital address would constitute the "residence" for coverage inclusion. Had Moreno been living with his family at the time of the accident, there is no question that Lemos would be *32 entitled to UIM coverage under Moreno's policy. However, USAA now argues that because Moreno left the family residence, Lemos ceased to be "a resident of the same household," and is thereby excluded from coverage.
A well-established principle concerning the construction of an insurance contract is that, when interpreting its terms, any ambiguities will normally be construed against the insurer. Meier v. New Jersey Life Ins. Co., 101 N.J. 597, 611-613, 503 A.2d 862 (1986). If the policy language is capable of two interpretations, "courts invariably accept the interpretation under which coverage will be found and reject the interpretation under which the injured person would be left without protection." Craig and Pomeroy, New Jersey Auto Insurance Law, § 2:3-1 (1996). In the instant matter, the language, "the spouse, if a resident of the same household" is capable of an interpretation other than the one put forth by USAA. It is reasonable that a layman would conclude that Lemos still resided in the "household" as intended by the policy to include coverage, since that was the residence where Moreno and Lemos had resided with their children as a family. The fact that Moreno left and not Lemos, coupled with the facts that his departure prior to the accident was of short duration and no formal separation proceedings were commenced, could lead a reasonable person to conclude that Moreno's residence remained the same under the policy where Lemos was still a resident of such household.
The courts have already accepted dual residency for the purpose of obtaining UIM coverage. See Arents v. General Acc. Ins. Co., 280 N.J. Super. 423, 428, 655 A.2d 936 (App.Div. 1995). In Arents, an adult child had an apartment in New York City, but registered, garaged and insured his car under the address of his parent's house in New Jersey. He stayed in a room at his parent's home about two days a week, did some of the household chores in New Jersey and was involved in community service in New Jersey. The court found that the son was a member of the New Jersey household and therefore the father was covered for *33 UIM under his son's policy. See also Garrison v. Travelers Ins. Co., 261 N.J. Super. 209, 618 A.2d 387 (Law Div. 1992) (a child recovered benefits under the UIM provisions of his father's automobile policy, even though the parents were separated and the child lived with the wife).
It follows that the subject insurance policy should be construed strictly against USAA. The insurer is in the best position to sustain a loss in this case. USAA is required to cover no more than it had initially bargained to cover. Both UIM and UM were bought in one package, with one premium for both coverages. Lemos sustained serious injuries that allegedly totalled in excess of the $25,000 limits of Mr. Sousa's liability insurance policy. While Lemos would be left with physical injury and economic losses, USAA will have provided coverage for no more than it bargained for originally. Construing the policy strictly against the insurer dictates coverage in the circumstances herein, particularly since Lemos did nothing to take herself out of the scope of coverage and her status and residence remained the same throughout these events.
Another principle in evaluating whether or not there is coverage is to look to the reasonable expectation of the average policyholder. Craig and Pomeroy, supra at § 2:3-2. In Lehrhoff v. Aetna Casualty and Surety Co., 271 N.J. Super. 340, 638 A.2d 889 (App.Div. 1994), the adult son of the insured was temporarily living out of state when he was injured by a bicyclist. He claimed that the bicyclist had been forced into his path by an unidentified automobile. Plaintiff sought UM coverage from his father's automobile policy, which covered "any family member ..." who resided in the household. The Court applied the reasonable expectation doctrine and found coverage, noting that "nothing in the policy ... required the insured to report to the company any change of residence of any of the drivers during the policy period." Lehrhoff, 271 N.J. Super. at 349, 638 A.2d 889. The Court reasoned that without such a requirement the father would not have been alerted that his son's temporary residence in a foreign state *34 would serve to terminate his status as a family member residing in the household and that, therefore, the father would still expect that his son had coverage.
Although the Lehrhoff case involved a UM coverage question whereas the instant matter involves a UIM coverage issue, the same reasoning for coverage applies. There is nothing in the policy in question herein which would require Moreno to notify USAA that the couple was no longer living together. Rather, because Lemos continued to reside in the last marital address known to USAA, it follows that Moreno and Plaintiff's reasonable expectation was that while the wife remained in the home where they had resided as husband and wife, she would be covered under the policy. This is especially true since there were no formal separation proceedings underway and the named insured, Moreno, was gone for only two months prior to the accident. Under these circumstances, both Moreno and Lemos reasonably expected coverage to continue for Lemos. Moreover, the policy does not state when the wife had to be a resident of the household in order to be covered. Lemos was residing with Moreno when he purchased the policy. Reading the plain language of the policy, both Moreno and Lemos would reasonably expect Lemos to be covered, since the couple resided together at the time of purchase. See Matland v. United Automobile Ass'n, 174 N.J. Super. 499, 512, 417 A.2d 46 (Law Div. 1980) citing Hartford Ins. Group v. Winkler, 89 Nev. 131, 508 P.2d 8 (1973).
Another case that provides insight as to a party's understanding of an insurance policy, and the effect of that understanding on the party's reasonable expectations is Sjoberg v. Rutgers Cas. Ins. Co., 260 N.J. Super. 159, 615 A.2d 660 (App.Div. 1992). In Sjoberg, the plaintiff, a 15 year old girl, resided with her father, as he had permanent custody of his children. However, at the time of her accident, the plaintiff was temporarily residing with her mother to determine with which parent she wanted to live. The father's insurer denied personal injury protection (PIP) coverage on the grounds that the plaintiff was no longer residing in the father's *35 household or "residence," and was therefore outside the scope of coverage. In finding PIP coverage for the child, the court noted that the separation was temporary at the time of the accident, and that the child had been residing less than three months with her mother when the accident occurred. Neither party had taken steps to permanently sever the relationship. The court then concluded that the child was a resident of her father's household, expressing an unwillingness to apply a fixed definition of the term "residing in the household," if doing so would remove coverage "despite the parents' reasonable anticipation of coverage for such family members." Sjoberg, 260 N.J. Super. at 164, 615 A.2d 660 (citations omitted).
Lastly, in further support of Moreno's expectation of coverage, it should be noted that UM and UIM coverage was purchased by Moreno as a single package of a standard automobile insurance policy, as such coverage is usually sold. While UM coverage is mandatory in this state, N.J.S.A. 39:6A-14, UIM coverage is not. Pursuant to N.J.S.A. 39:6A-2(g), UM coverage extends to the end of the policy term, even if the spouses separate. It is unlikely that the average person purchasing insurance, or the spouse, would harbor expectations that half of the UM/UIM package would remain in effect despite husband and wife separation, while the other half would be rendered ineffective.
The legislative intent underlying the enactment of statutes involving automobile insurance, as well as the caselaw decided under those statutes, also provides a means of determining whether coverage exists. In Sjoberg supra, the court, in determining the meaning of the terms "residing" and "household," looked to the Legislature's intent regarding all of the persons to be covered. 260 N.J. Super. at 162, 615 A.2d 660. Pursuant to N.J.S.A. 39:6A-2(g), a separated or divorced spouse is covered for UM coverage so long as the spouses separated during the policy term. In enacting this provision of the law, the Legislature was responding to the situation presented in the Matland case. See Craig and Pomeroy at § 21:2-2. In Matland, the court, dealing with UM *36 coverage, noted that the language requiring spousal residence for coverage was possibly "violative of New Jersey statutory law" since the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35 (1972) (No Fault law) contained no such restrictive language. Matland, 174 N.J. Super. at 510-11, 417 A.2d 46. The rationale underlying the court's decision finding coverage was that the statute made uninsured liability insurance a mandatory requirement upon automobile owners and to validate exceptions would nullify such a requirement. Although UIM coverage is not mandatory, insurers are obligated to offer such coverage, as well as UM coverage, to insureds. N.J.S.A. 17:28-1.1(b). This duty to offer UIM coverage was enacted into law in 1983, the same year the Legislature extended UM coverage for separated spouses until the termination of the policy period. N.J.S.A. 39:6A-2(g). Craig and Pomeroy, supra, at § 21:2-2. Given these statutory changes, which served to expand coverage, it is obvious that the Legislature generally intended to provide the maximum types of insurance coverage to all insureds.
It is relevant to note that the No Fault law, as amended in 1972, provided UM coverage to an insured and his spouse. There was no requirement that the spouses live together; their marital status sufficed. See N.J.S.A. 39:6A-2(g); Craig and Pomeroy, at § 21:2-2. The Legislature, in codifying the Matland decision, intentionally thwarted an insured's attempts to restrict spousal coverage. In extending UIM coverage to a separated spouse, this court is simply applying the Legislature's intent to avoid invalid attempts at restricting spousal coverage where policy premiums have been paid and coverage should continue.
Therefore, the provisions of an automobile insurance policy must be interpreted with statutory policy and intent in mind. Matland, 174 N.J. Super. at 508, 417 A.2d 46. The relevant policy language that "the spouse, if a resident of the same household" has coverage must be given a liberal interpretation to include the plaintiff herein. It is clear that the Legislature intended to cover all spouses, whether living in the same household *37 or not for the term of the policy in the UM context. N.J.S.A. 39:6A-2(g). Given that the 1983 amendments were intended to expand the scope and availability of insurance coverage, coupled with a statutory amendment that continued UM coverage to a separated spouse, it is reasonable to conclude that the Legislature's intent was to cover separated spouses in the context of UIM coverage as in our case.
For the foregoing reasons, USAA's motion for summary judgment is denied. Lemos's motion for a declaratory judgment is hereby granted.