799 A.2d 676

MARISSA ROMAN, INDIVIDUALLY, PLAINTIFF, AND JOHNATHAN SANCHEZ, JUAN J. SANCHEZ, JUAN N. SANCHEZ, MARISSA SANCHEZ, MINORS BY THEIR GUARDIAN AD LITEM, MARISSA ROMAN, PLAINTIFFS–APPELLANTS, v. ROLANDO CORREA AND ESTEBAN CORREA, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 14, 2002—Decided June 19, 2002.

Before Judges A.A. RODRÍGUEZ, LEFELT and LISA.

*Fredric L. Bor* argued the cause for appellants (*Mr. Bor* on the brief).

*John J. Spence, Jr.* and *Kenneth Courtney* argued the cause for respondents (*John J. Spence,* attorney; *Paul D. Kelly,* on the brief).

The opinion of the court was delivered by

A.A. RODRÍGUEZ, J.A.D.

In this appeal, we consider whether unemancipated children who are primarily members of their mother's household, but who are also members of their father's household part of the time, are bound by their father's limitation on lawsuit (verbal threshold) tort option pursuant to *N.J.S.A.* 39:6A–8.1a. We hold that they are so bound. The concept of dual residency/integrated family unit, which has been utilized by New Jersey courts in deciding claims for homeowner's liability, personal injury protection (PIP), under-insured (UIM) and uninsured (UM) coverage, should also be utilized in deciding tort option election issues.

The significant facts can be summarized as follows. Plaintiffs are four minors [1] who were injured in a collision on September 16,

---

[1] Johnathan Sanchez, Juan J. Sanchez, Juan N. Sanchez, Marissa Sanchez.

1996, while passengers in an automobile. Their injuries, however, were not sufficiently serious to meet the verbal threshold set by *N.J.S.A.* 39:6A–8a. Plaintiffs received PIP benefits by virtue of their status as passengers/occupants in a motor vehicle.

Plaintiffs' mother and father are married. However, the parents have been separated since 1989. Plaintiffs live with their mother and visit with their father on the weekends. Sometimes, plaintiffs stay overnight at their father's home. The father lives with his mother and sister. Plaintiffs do not keep clothes or toys permanently at their father's home. It is undisputed that the father owns a motor vehicle. He chose the verbal threshold option in obtaining insurance for that vehicle.[2]

Plaintiffs' mother sued Rolando Correa and Esteban Correa (defendants), respectively, the owner and operator of the other vehicle as guardian ad litem, for plaintiffs.[3] Defendants moved for summary judgment arguing that plaintiffs' claims for non-economic damages were barred because plaintiffs reside part of the time with their father. Therefore, plaintiffs are bound by their father's election pursuant to *N.J.S.A.* 39:6A–8.1a.

Plaintiffs opposed the motion arguing that they live with their mother and no one in her household owns a motor vehicle. Therefore, by virtue of *N.J.S.A.* 39:6A–8a, they are not subject to the verbal threshold. The parties stipulated that if the verbal threshold applies to these plaintiffs, the complaint should be dismissed.

Defendants presented the deposition testimony of two of the plaintiffs and their mother in support of the summary judgment motions. Plaintiffs, although agreeing with the central facts,

---

[2] It is entirely coincidental and of no significance to the issues discussed in this opinion that at the time of the accident the children were passengers in a vehicle owned by their father which was being driven, with his permission, by their mother.

[3] Plaintiffs' mother also sued for her injuries. Her individual claim was dismissed by stipulation.

strongly disputed the legal conclusion that they were part of their father's household.

The judge found that plaintiffs were part of their father's and mother's households, and thus, subject to the verbal threshold. The judge also found that plaintiffs "have failed to pierce the verbal threshold." Accordingly, the judge granted defendants' motion for summary judgment and dismissed with prejudice all of plaintiffs' claims.

On appeal, plaintiffs contend that "the trial court improperly applied the dual residency/integrated family unit extension of PIP/UM/UIM coverage to the tort exemption statute." They also contend that "the trial court improperly and broadly interpreted the verbal threshold statute to include children residing in a different household." We disagree.

A review of pertinent authorities and principles is helpful. A New Jersey resident who is required to maintain PIP coverage must choose from one of two automobile insurance options. *N.J.S.A.* 39:6A–8. Subsection a. of the statute provides for a "limitation on lawsuit" option, commonly called the "verbal threshold" option. Subsection b. provides for an alternative, the "no limitation on lawsuit" option. The verbal threshold option precludes a cause of action for non-economic losses, unless the plaintiff's bodily injury and resulting disability meet certain statutory criteria. *Ibid.* The option chosen by the named insured binds that person and the immediate family members residing in his or her household. *N.J.S.A.* 39:68–8.1a. This section of the statute also provides that " '[i]mmediate family member' means the spouse of the named insured and any child of the named insured or spouse *residing in the named insured's household* who is not a named insured under another automobile insurance policy." (emphasis added) *N.J.S.A.* 39:6A–8.1a. A person who is not required to maintain insurance is deemed to have elected the no limitation option. *N.J.S.A.* 39:6A–8b.

The term "household" is not defined in the statute. We must construe it in order to decide this appeal. There is substantial

case law in this State construing the terms "household member," "resident relative" and similar phrases in the context of insurance coverage disputes. The concept of a "substantially integrated family relationship" has emerged in determining whether individuals share a common household even when they reside at different locations. *See Gibson v. Callaghan,* 158 *N.J.* 662, 673, 730 *A.*2d 1278 (1999).

This concept of household has been consistently followed by courts in determining insurance coverage disputes regarding homeowners, PIP, UIM and UM coverage. The following cases illustrate application of the concept. In *Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur,* 35 *N.J.* 1, 170 *A.*2d 800 (1961), the Supreme Court concluded that a wife who was living at a separate residence from her husband was a part of his household and thus, covered by his homeowners' insurance. The Court observed:

> Household is not a word of art. Its meaning is not confined within certain commonly known and universally accepted limits. True, it is frequently used to designate persons related by marriage or blood, who dwell together as a family under a single roof. But it has been said also that members of a family need not in all cases reside under a common roof in order to be deemed a part of the household. *Id.* at 8, 170 *A.*2d 800.

In a case bearing a substantial similarity to the present matter, we held that the child of divorced parents was a member of the households of his mother and father, so as to be covered by his father's homeowners policy. The child lived with his mother during the week and visited with his father during the weekends. *Miller v. U.S. Fidel. & Guar. Co.,* 127 *N.J.Super.* 37, 316 *A.*2d 51 (App.Div.1974). *See also Gibson v. Callaghan, supra,* 158 *N.J.* at 673, 730 *A.*2d 1278 (holding that the grandson of an insured homeowner was a part of her household, although the grandson had never resided with the insured, but was taking care of his grandmother's house while she was ill).

A similar approach has been followed with respect to PIP coverage. In *Sjoberg v. Rutgers Cas. Ins. Co.,* 260 *N.J.Super.* 159, 615 *A.*2d 660 (App.Div.1992), we held that a daughter who lived

with her mother in a different state was a member of her father's household for purposes of PIP coverage.

The integrated family concept has been applied by the courts in deciding UIM coverage cases. In *Arents v. Gen. Acc. Ins. Co.*, 280 *N.J.Super.* 423, 655 *A*.2d 936 (App.Div.1995), we concluded that an adult son was a resident of his parents' household, although the son resided in his own apartment during the week. Thus, the son's UIM coverage extended to his father. We noted that a person can be a member of two households for insurance coverage purposes. *Id.* at 428, 655 *A*.2d 936. *See also Lemos v. Sousa,* 294 *N.J.Super.* 28, 682 *A*.2d 277 (Law Div.1996) (holding that UIM benefits extend to a separated wife). *See also Ohio Cas. v. Estate of Wittkopp,* 326 *N.J.Super.* 407, 741 *A*.2d 619 (App.Div. 1999) (holding that the child of divorced parents was a "resident" of her non-custodial father's household and covered for UIM benefits under his automobile insurance policy). As for UM coverage, in *Garrison v. Travelers Ins. Co.,* 261 *N.J.Super.* 209, 618 *A*.2d 387 (Law Div.1992), the trial court found that the child of separated parents was a "resident relative" of her father's household, although the child resided with her mother.

Here, we discern no reason to depart from the concepts of "integrated family unit" or "dual household residency" in order to decide this dispute. Thus, we conclude in principle that an immediate family member may reside in more than one household so as to be bound by the tort option election of the head of the household. We reject plaintiffs' argument that the dual residency/integrated family analysis is appropriate only in determining entitlement to coverage. There are no principled differences between the coverage cases and this one which require a different interpretation of the term household. Thus, we extend the integrated family unit/dual residence concept to the definition of household in *N.J.S.A.* 39:6A–8.1a.

Moreover, although plaintiffs label the issue as "tort exemption" we note that the tort option statute applies to an election for either no limitation on lawsuit or the verbal threshold. Thus,

130

deciding who is bound by a co-householder's election does not always result in the loss of the right to sue for non-economic losses. The opposite may occur.

Plaintiffs next argue that "assuming, arguendo, that the [proper] analysis herein is in the context of dual residency/integrated family unit even those tests are not satisfied herein." We have carefully reviewed this contention and are satisfied that we must reject this challenge to the factual findings by the trial court. The judgment of the court is based on findings of fact which are adequately supported by the evidence. *R.* 2:11–3(e)(1)(A).

The summary judgment under appeal is affirmed.