639 A.2d 1144

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JOYCE JAMIOLKOSKI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 12, 1994—Decided April 21, 1994.

Before Judges MICHELS, KESTIN and WEFING.

*Susan L. Reisner*, Acting Public Defender, attorney for appellant (*William B. Smith,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*John Kaye*, Monmouth County Prosecutor, attorney for respondent (*Mark P. Stalford,* Assistant Prosecutor, on the letter brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

Defendant was charged with four counts of forgery and theft relating to checks and funds of her employer, the Red Bank Board of Education (Board). She was admitted into the Monmouth County Pretrial Intervention Program (PTI), *R.* 3:28, conditioned upon making full restitution of the amount stolen.

When defendant was presented with the PTI admission form, the amount of restitution specified as due at that time was $1,653.94. It is acknowledged that, by then, defendant had already repaid $3,500 and had forfeited her entitlement to $1,000 in back pay owed to her by the Board. It is also undisputed that defendant and her attorney signed the admission form as presented and that she made no further payments on account of restitution.

Subsequently, defendant moved before the trial court for a clarification of PTI conditions. The State's motion to terminate defendant's PTI status was before the trial court at the same time. Defendant asserted that when the PTI admission form was presented to her, she disputed the amount stated and signed the form only after being told by the director of the PTI program that she should sign and that the dispute over the amount of restitution would be worked out. The State argued before the trial court and reiterates in this appeal that defendant should be bound by the terms of the document she signed.

The trial court denied defendant's motion for clarification and the State withdrew its termination motion. Three weeks later, defendant moved for a restitution hearing, which was also denied.

In the dispute over whether defendant owes the additional restitution, her position is that it represents funds which she was not charged with stealing. The victim has claimed a total loss of $6,153.94 by reason of defendant's conduct and the State argues that the victim is entitled to full restitution irrespective of the precise terms of the indictment.

This is clearly the type of dispute contemplated by PTI Guideline 3(k) which provides that any "requirement [for restitution] and its terms shall be judicially determined at the time of enrollment. . . ." We are mindful also of the statutory requirement that in imposing restitution as part of a sentence "the court . . . shall set the amount of restitution so as to provide the victim with the fullest compensation for loss that is consistent with the defendant's ability to pay." *N.J.S.A.* 2C:44–2c(2).

█ It is clear from both of these provisions that it is unavoidably the responsibility of the trial court to determine what the amount of restitution and its repayment terms should be. *State v. Harris,* 70 *N.J.* 586, 590, 362 *A.*2d 32 (1976); *State in Interest of D.G.W.,* 70 *N.J.* 488, 503–04, 361 *A.*2d 513 (1976). We discern no reason why standards governing the resolution of issues where restitution is a condition of probation should not apply in the same manner when restitution is a condition of defendant's participation in a pretrial intervention program. Where there is a good faith dispute over the amount of the loss or defendant's ability to pay, the trial court as a matter of defendant's due process entitlement, must hold a hearing on the issue, the character of which should be appropriate to the nature of the question presented. *See State v. Harris, supra,* 70 *N.J.* at 597–99, 362 *A.*2d 32; *State in Interest of D.G.W., supra,* 70 *N.J.* at 506–09, 361 *A.*2d 513. Manifestly, if a preliminary question exists as to the good faith of one party or the other in raising an issue, that question must be resolved by the trial court as well, also in a proceeding appropriate to its resolution.

█ Here, there are potentially two questions to be resolved. First, does defendant raise the issue over the amount of restitution in good faith? That is, did defendant have a reasonable basis to believe when she signed the PTI admission form that the amount of restitution was still in issue and would be resolved in the future? Second, if so, what amount of restitution should be established and what should be the terms of repayment? Given the nondelegable responsibility for restitution reposed in the trial

court both by rule and statute, these questions must be addressed on their merits, not merely on the basis that defendant should be bound to the amount of restitution stated in the PTI admission form just because she signed the document.

Reversed and remanded for such further proceedings as may be appropriate.