**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2479-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRENDA A. SYPECK,

     Defendant-Appellant.

_____

Submitted August 13, 2019 – Decided September 5, 2019

Before Judges Sumners and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 17-03-0269.

Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa A. Aiello, Assistant Deputy Public Defender, of counsel and on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brenda Sypeck appeals from the Law Division's order affirming the State's rejection of her application for admission into the pretrial intervention program (PTI) and requiring her to pay $368,000 in restitution. Defendant contends the denial of her entry into PTI was an arbitrary, patent and gross abuse of discretion, and that she should not have been ordered to pay restitution without a hearing to determine her ability to pay. While the State continues its opposition to her admission into PTI, it concedes a hearing should have been held. Having considered the arguments raised in light of the record and our standard of review, we affirm the denial of defendant's admission into PTI but reverse the restitution order and remand for a hearing to determine her ability to pay and the amount of time for making payment.

I

In June 2016, the president (the victim) of Gerrus Maintenance, Inc. (the company), reported to police that defendant, the company's bookkeeper, over a period of approximately three years from January 2013 to June 2016, cashed one hundred and forty-one company checks totaling approximately $200,000 that she issued to herself without authorization. Based upon a re-audit of the books, the victim later estimated the loss to be over $300,000.

A-2479-17T1

According to the victim, when he confronted defendant, she admitted taking the money due to a gambling problem. Defendant, who had been employed by the company for eleven years, was immediately terminated and left the premises before the police arrived.

Prior to the victim's complaint being presented to a grand jury, defendant applied to the Middlesex County criminal case management office for PTI in November 2016. Defendant, fifty-seven years old, was never married, had no children, and was the sole caregiver for her ill elderly mother, who resided with her. She did not have a prior criminal record. She claimed the unauthorized checks she wrote and cashed totaled $225,000, and were used to pay off her gambling debts, care for her divorced parents, and pay bills. Diagnosed as a gambling addict after her arrest, defendant began attending Gambler's Anonymous to remedy her addiction.

The Criminal Division Manager/PTI Director (CDM) denied defendant's PTI application, reasoning that: defendant had committed the offense an excessive amount of times over an extended period; she abused her position of trust as bookkeeper to steal money from her employer that she reportedly used to pay off her gambling debts and personal expenses; she was accused of a second-degree offense, which carries a presumption of incarceration; and the

victim was extremely opposed to her admission into PTI.[1] The CDM concluded: "Her crime constitutes a pattern of continuing criminality and the offense is of such a nature that supervisory treatment is not outweighed by the public need for prosecution."

Defendant thereafter moved before the Law Division to allow her entry into PTI, claiming there was an abuse of discretion in rejecting her admission. She argued that she should be admitted into PTI because of her lack of a prior criminal record, her amenability to rehabilitation, the non-violent nature of her offense that was due to her gambling addiction, and her desire to pay restitution.

The State opposed the motion. In his statement of reasons for denial of PTI, the prosecutor stated that defendant was charged with second-degree offenses, which carry a presumption against admission into PTI. The prosecutor also found denial was supported by the following factors set forth in N.J.S.A. 2C:43-12(e):

> (1) The nature of the offense;
>
> (2) The facts of the case;
>
> (3) The motivation and age of the defendant;

---

[1] Due to the loss caused by defendant, the victim claimed that he had to spend his retirement funds to pay for employee salaries and bills.

(4) The desire of the complainant or victim to forego prosecution;

(5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment;

(6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment;

(7) The needs and interests of the victim and society;

(8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;

(9) The applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others;

    . . . .

(14) Whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;

    . . . .

(17) Whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

A-2479-17T1

In considering the N.J.S.A. 2C:43-12(e) factors, the prosecutor found that factors one, two, three, four, five, six, seven, eight, nine, fourteen, and seventeen weighed against defendant, but noted that factor three weighed in her favor.

Following oral argument, the trial judge noted the deference given to a prosecutor's decision regarding PTI applications and found that the State did not "act in a manner that constituted a patent and gross abuse of discretion in denying" defendant's application.

Defendant thereafter pled guilty to second-degree theft by unlawful taking, in consideration for the State's agreement to dismiss the remaining five charges and recommend that she be sentenced to a six-year prison term. As for restitution, the judge, finding that a forensic accountant hired by the victim proved the loss was $293,200 while defendant believed it was about $225,000, allowed defense counsel to submit a sentencing memo detailing "[defendant's] ability to pay."

The judge later sentenced defendant in accordance with the plea agreement. She was presented with, and executed, a consent judgment[2] between

---

[2] As of November 16, 2017, a month before this sentencing on December 15, 2017, we held "criminal courts are proscribed from entering civil consent judgments when sentencing a defendant to make restitution." State v. Masce, 452 N.J. Super. 347, 355 (App. Div. 2017).

A-2479-17T1

defendant and the State whereby defendant agreed to pay the victim and his wife $227,000. There was no timetable for when payment should be made. Notwithstanding the parties' agreement, the judge determined the "full restitution is for $368,000." The judge made no mention of defendant's ability to pay, merely commenting "[t]he attorneys can explain the ramifications of the difference."

## II

We first address defendant's contentions that she should have been allowed entry into the PTI program, or in the alternative, there be a remand to the prosecutor for reconsideration of her PTI application. First, citing State v. Smith, 92 N.J. 143, 147 (1983), for the principle that the weight of the evidence of guilt or innocence, standing alone should not be considered by neither the prosecutor nor the court in evaluating the PTI admission, defendant contends the judge inappropriately gave weight to the fact that she admitted guilt to second-degree theft.

Second, defendant argues the judge erred in giving weight to several PTI factors. She reasons the victim's opposition to her admission into PTI should not be given particular weight because his opposition may be based on revenge or considerations unrelated to PTI evaluators. State v. Imbriani, 291 N.J. Super.

7

171, 180 (App. Div. 1976). She points out that neither the victim's age nor his monetary loss should be given particular weight because defendant did not specifically take advantage of the victim's vulnerability. Defendant also asserts since she did not act out of malice or desire to develop a fraudulent relationship with the victim, but rather committed the offense due to her overpowering gambling addiction, the fact that she abused the position of trust should not be considered particularly more than the other factors. She further notes the judge did not give enough weight to PTI factors five and six because the offense was due to her gambling problem that she was devoted to remedy.

Third, defendant argues the judge's ruling subverted the PTI goals of achieving deterrence of future crimes by means of rehabilitative service and relieving the overburdened criminal calendar for judicial economy. State v. Nwobu, 139 N.J. 236, 247 (1995).

Based upon the following principles, defendant's contentions do not warrant a reversal of the judge's order, which allowed the denial of her admission into PTI to stand.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015)

(quoting Nwobu, 139 N.J. at 240).  Accordingly, "a PTI determination requires that the prosecutor make an individualized assessment of the defendant considering his or her 'amenability to correction' and potential 'responsiveness to rehabilitation.'"  Id. at 621-22 (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).

The scope of our review of a PTI rejection is "severely limited."  State v. Negran, 178 N.J. 73, 82 (2003).  Deciding whether to permit a defendant's diversion to PTI "is a quintessentially prosecutorial function."  State v. Wallace, 146 N.J. 576, 582 (1996).  "Prosecutorial discretion in this context is critical for two reasons.  First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options."  Nwobu, 139 N.J. at 246 (quoting State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993)).  Accordingly, courts give prosecutors "broad discretion" in determining whether to divert a defendant into PTI.  State v. K.S., 220 N.J. 190, 199 (2015).  Thus, on appellate review, PTI decisions are given "enhanced deference."  State v. Brooks, 175 N.J. 215, 225 (2002).

The PTI statute requires prosecutors to consider a non-exclusive list of seventeen criteria.  N.J.S.A. 2C:43-12(e).  These criteria "include 'the details of

the case, defendant's motives, age, past criminal record, standing in the community, and employment performance[.]'" Roseman, 221 N.J. at 621 (alteration in original) (quoting Watkins, 193 N.J. at 520). "In order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" Watkins, 193 N.J. at 520 (citation omitted). "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Ibid. (citation omitted). An abuse of discretion is manifested where it can be proven "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment[.]'" State v. Lee, 437 N.J. Super. 555, 563 (2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)).

Under these parameters, we see no cause to disturb the trial judge's order substantially for the reasons set forth in her written decision. We agree with her findings that the State did not abuse its discretion in denying defendant's admission into PTI.

A-2479-17T1

We, however, take issue with the judge's restitution order of $368,000. Defendant asserts the judge did not consider her ability to pay restitution and apparently assumed the consent judgment relieved the judge of her responsibility to do so, especially where the restitution amount exceeded the amount of the consent judgment. N.J.S.A. 2C:44-2(b), -2(c)(2); State v. Jamiolkoski, 272 N.J. Super. 326, 329 (App. Div. 1994). Defendant maintains that due process requires a hearing on her ability to pay and the time period for making restitution. State v. Orji, 277 N.J. Super, 582, 589 (App. Div. 1994). We agree with defendant, as does the State, that a hearing must be held to determine her ability to pay and the amount of time she should be permitted to make restitution. Thus, we remand for that purpose.

Affirmed in part, reversed in part, and remanded for a restitution hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2479-17T1