# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2225-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

C.W.,[1]

    Defendant-Appellant.

_____

Submitted May 12, 2025 – Decided August 6, 2025

Before Judges Jacobs and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 99-10-2012.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Marisa D. Pescatore, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials and pseudonyms to protect the privacy interests of alleged victims of sexual offenses in accordance with Rule 1:38-3(c)(12).

PER CURIAM

Defendant C.W. appeals from denial of his second petition for post-conviction relief ("PCR") without an evidentiary hearing. He contends the PCR court erred in concluding his petition was procedurally barred. He also raises claims regarding purported failure of trial counsel to arrange for an independent psychiatric evaluation, an illegally imposed sentence, and imperfect restitution order. We discern no merit to defendant's contentions and affirm for substantially the reasons stated in Judge Dorothy M. Incarvito-Garrabrant's cogent decision. However, on the limited question of restitution, we vacate the order denying defendant's application to modify same and remand for the purpose of conducting an ability-to-pay hearing.

I.

Following a jury trial in March 2000, defendant was convicted of numerous offenses stemming from a series of sexual assaults against his biological daughter that commenced in May 1996, resulting in the birth of a child in December 1997. Those convictions consisted of seven counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); three counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c) or 14-2(b); six counts of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a); two counts of fourth-

2

degree criminal sexual contact, N.J.S.A. 2C:14-3(b); two counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4; and two counts of fourth-degree child abuse, N.J.S.A. 9:6-3.

In September 2000, defendant was sentenced to an aggregate term of sixty years, with twenty-seven years of parole ineligibility. In addition, defendant was required to serve a five-year period of parole supervision upon release under N.J.S.A. 2C: 43-7.2(c), as well as community supervision for life pursuant to N.J.S.A. 2C: 43-6.4(a), and to pay the statutory penalties.

Defendant filed a direct appeal, raising the following points:

POINT I

DEFENDANT, [C.W.]'S, CONVICTION SHOULD BE REVERSED AND A NEW TRIAL ORDERED SINCE THE TRIAL COURT ERRED IN FAILING TO HAVE THE DEFENDANT EVALUATED FOR COMPETENCY WHEN HE WAS CLEARLY NOT COMPETENT TO STAND TRIAL.

POINT II

DEFENDANT, [C.W.]'S CONVICTION SHOULD BE REVERSED SINCE DEFENDANT WAS DENIED A FAIR TRIAL AS A RESULT OF THE TRIAL COURT REMOVING HIM FROM THE COURTROOM IN FRONT OF THE JURY PANEL PRIOR TO THE COMMENCEMENT OF JURY SELECTION.

POINT III

THE TRIAL COURT'S SENTENCE IS EXCESSIVE BECAUSE THE COURT VIOLATED STATE V., YARBOUGH BY IMPOSING MULTIPLE CONSECUTIVE SENTENCES AND FAILED TO CONSIDER A MITIGATING FACTOR WHICH IT FACTUALLY FOUND TO EXIST.

    A. THE TRIAL COURT'S SENTENCE IS EXCESSIVE AND VIOLATES BY IMPOSING MULTIPLE CONSECUTIVE SENTENCES.

    B. DEFENDANT'S SENTENCE IS EXCESSIVE BECAUSE THE TRIAL COURT FAILED TO CONSIDER DEFENDANT'S MENTAL ILLNESS AS A MITIGATING FACTOR.

POINT IV

DEFENDANT, [C.W.]'S CONVICTION SHOULD BE REVERSED SINCE DEFENDANT DID NOT RECEIVE EFFECTIVE-ASSISTANCE-OF-COUNSEL AS GUARANTEED BY THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.

    A. COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A PSYCHIATRIC EXAMINATION OF HIS CLIENT BASED UPON THE ACTIONS OF DEFENDANT, AND/OR BY FAILING TO DETERMINE WHETHER HE WAS TAKING HIS PRESCRIBED MEDICINE BASED UPON DR. SALIB'S REPORT OF JULY 30, 1999.

A-2225-23

B. COUNSEL WAS INEFFECTIVE BY FAILING TO REQUEST TO BE RELIEVED AS COUNSEL WHEN HE HAD A SELF-ADMITTED CONFLICT WITH CLIENT, C.W.

C. COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO IMPROPER AND INADMISSIBLE EVIDENCE, ARGUMENT AND QUESTIONS.

D. COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A HEARING UNDER THE "RAPE" SHIELD LAW.

We rejected all of defendant's arguments and affirmed his convictions. Defendant's application to the Supreme Court for certification was denied on September 25, 2002.

In December 2003, defendant filed a self-represented PCR petition in which the sole stated claim for relief was based on the trial court's purported error "in failing to have the defendant evaluated for competency when he was clearly not competent to stand trial." Following oral argument in December 2008, that PCR was denied without an evidentiary hearing. Defendant appealed, expanding the basis of his claim to read:

[DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS ATTORNEY FAILED TO OBTAIN A

5

COMPETENCY EVALUATION BEFORE TRIAL, FAILED TO ARGUE DIMINISHED CAPACITY, AND CONTINUED TO REPRESENT HIM EVEN THOUGH THERE WAS A CONFLICT.

We affirmed denial of the first PCR for reasons explained in our unpublished decision.

In September 2019, defendant filed a second PCR, supplemented by submission of a self-represented brief and certification filed in December 2021. Grounds for the second PCR were as follows:

POINT I

PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO ADDRESS DEFENDANT'S PSYCHIATRIC CONDITION AT THE TIME OF HIS PRETRIAL AND TRIAL PROCEEDINGS WHERE HIS COMPETENCE WAS IN SERIOUSQUESTION AND ALSO FAILED TO ADDRESS THE PERTINENT ISSUES AS SET FORTH IN POINTS II, III, AND IV BELOW.

a. Counsel failed to Investigate and Secure an Independent Forensic Psychiatric Competency Examination of Defendant to Determine Whether He Was Competent to Stand Trial.

POINT II

TRIAL COUNSEL FAILED TO MOVE FOR MOTION FOR CHANGE OF VENUE DUE TO AN INCIDENT BETWEEN DEFENDANT AND A

6

SHERIFF'S OFFICER OF WHICH JUDGE GUERRERA WAS A WITNESS TO AND WHERE THE SENTENCING JUDGE EXERCISED BIAS IN THE SENTENCING OF DEFENDANT; WHEN BIAS MAY HAVE BEEN GENERATED FROM THAT INCIDENT.

POINT III

TRIAL COUNSEL FAILED TO MOVE FOR DISMISSAL OF THE MULTIPLE CRIMES FOR WHICH DEFENDANT WAS CHARGED WHICH WERE THE RESULT OF A SINGLE CRIME AND THE INDICTMENTS SHOULD HAVE BEEN DISMISSED.

POINT IV

DEFENDANT'S SENTENCE IS ILLEGAL AND WARRANTS IMMEDIATE RESENTENCING:

> a. The counts defendant was convicted on should have been merged.
>
> b. Counts 1, 6, and 2 should have been run concurrent because they stemmed from one single period of aberrant behavior.
>
> c. The judge was biased (see POINT II) and failed to properly apply and weigh the mitigating and aggravating factors.

Defendant's petition was argued with assistance of assigned counsel. On April 19, 2023, the PCR judge denied defendant's petition in an oral ruling without holding an evidentiary hearing. Two corresponding written orders were

7

issued on May 9, 2023; one denying the PCR application, and another denying defendant's request for a modification of restitution.

In her decision, the PCR judge noted that defendant's second petition was "made over 22 years after defendant's original conviction and sentencing and over 12 years after the denial of defendant's first PCR." As a result, the judge found the petition time-barred under Rule 3:22-12(a)(2), which requires (subject to several very narrow exceptions) that a second PCR be filed within one year of the denial of the first. The judge also noted that the petition did not assert any newly recognized or retroactively applicable constitutional right, nor did it reference any newly discovered evidence that could serve as a factual predicate for relief under that Rule. As the judge articulated:

> A second petition for PCR must be dismissed unless it is both, one, timely under the Rule 3:22- 12(a)(2), and two, alleges on its face any of the three exceptions under Rule 3:22-12(a)(2). Thus, [d]efendant's second petition for PCR before this [c]ourt is barred unless it was: a) filed within one year from the recognition and retroactive application of newly recognized constitutional right; b) filed within one year from the discovery of a factual predicate for relief if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or c) filed within one year of the denial of the previous post-conviction relief position. Rule 3:22-4(b), Rule 3:22-12(a)(2). The [c]ourt reiterates that [d]efendant has filed his second petition for PCR over 22 years after Defendant's original conviction and sentencing and

well over a decade after the denial of [d]efendant's first PCR. Defendant's brief does not allege the existence of any newly recognized or retroactive constitutional right within the past year allowing him to file the second PCR. Defendant's second PCR has not been filed within one year of the previous PCR's denial, which occurred roughly 12 years ago. Defendant's brief, it's devoid of any reference of a new discovery of a factual predicate for relief. Even if [d]efendant's second PCR was timely, the exception under Rule 3:22-4(b)(2)(b) would be inapplicable because it requires that the factual predicate of relief sought could not have been discovered earlier through the exercise of reasonable diligence. And the facts underlying the grounds for relief have proven and viewed in the light of the evidence as a whole, would raise reasonable probability that the relief sought would be granted. Without that showing, even a timely PCR alleging -- is -- alleging B relief is dismissed. Viewing [d]efendant's brief in the light most favorable to him and the arguments and proffers today, and notwithstanding that this petition is time barred, it is nonetheless devoid of the requisite facts and assertions and support for those necessary for this [c]ourt to substantively analyze the claims therein.

. . .

As such, the [c]court is also denying any evidentiary hearing[,] because one cannot have an evidentiary hearing if the application is not properly before the [c]ourt.

On appeal, defendant raises the following points:

POINT I

THE PCR COURT ERRED IN FINDING THAT PETITIONER'S CLAIMS WERE BARRED PROCEDURALLY.

POINT II

THE PCR COURT ERRED IN FINDING THAT TRIAL COUNSEL HAD NOT BEEN INEFFECTIVE IN FAILING TO ARRANGE FOR AN INDEPENDENT PSYCHIATRIC EVALUATION OF DEFENDANT.

POINT III

THE SENTENCE IMPOSED UPON PETITIONER WAS ILLEGAL AND MUST BE CORRECTED BY THIS COURT.

POINT IV

THE PCR JUDGE ERRED IN REFUSING TO VACATE OR MODIFY THE RESTITUTION ORDER.

II.

In the absence of an evidentiary hearing, we review de novo the factual inferences drawn from the record by the PCR judge, as well as the judge's legal conclusions. State v. Harris, 181 N.J. 391, 421 (2004); see also State v. Aburomi, 464 N.J. Super. 326, 338-39 (App. Div. 2020). We review a PCR judge's decision to deny a defendant's request for an evidentiary hearing under

an abuse of discretion standard.  See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020).

To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1999), as adopted by State v. Fritz, 105 N.J. 42, 58 (1987), by a preponderance of the evidence.  "First, the defendant must show that counsel's performance was deficient."  Strickland, 466 U.S. at 687.  This requires demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid.  The United States Constitution requires "reasonably effective assistance." Ibid.  An attorney's performance will not be deemed deficient if counsel acted "within the range of competence demanded of attorneys in criminal cases."  Ibid. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).  Therefore, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight."  Id. at 689.  "Merely because a trial

strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999). Thus, a trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with counsel's "exercise of judgment during the trial. . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (internal citation omitted).

Under the second prong of the Strickland test, the defendant must show "the deficient performance prejudiced the defense." 466 U.S. at 687. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome." Id. at 693. Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if [it] had no effect on the judgment." Id. at 691.

A-2225-23

Defendant asserts the second PCR court erred in dismissing his petition on procedural timeliness grounds, without consideration of the merits. Defendant relies on State v. Hannah, 248 N.J. 148 (2021), because his "ineffective assistance of trial counsel claims evaded meaningful judicial review despite his continuous efforts to have those claims considered." He contends the first PCR court failed to address all of his self-represented claims and that first PCR counsel and appellate counsel "failed to take the rudimentary steps necessary to advance and preserve the unconsidered claims."

Although conceding "that technically, this second PCR petition is barred because it was filed more than a year after the New Jersey Supreme Court denied the petition for certification in the appeal of the denial of the first PCR petition,"[2] defendant argues that he has "raised claims of significant constitutional merit, involving the denial of his state and federal constitutional rights to due process of law and fundamental fairness, [and therefore] the procedural bar should not be applied." Hannah, 248 N.J. at 156; R. 3:22-12(a)(2). Defendant's constitutional claims are intertwined with his claim of ineffective assistance of

---

[2] We note that the record does not reflect defendant applied to the Supreme Court for certification. Nonetheless, the time restrictions of the Rule apply.

counsel. As briefed, he contends, "[h]ere, [defendant] is alleging that his state and federal constitutional rights to the effective assistance of counsel were violated, and consequently exception (c) applies in this case. Because of counsel's failure to hire an independent psychiatrist to evaluate his mental state prior to trial, [defendant] was deprived of his constitutional right to present a defense to his charges."

To this argument the State counters, and we agree, as presented in the foregoing procedural history, see supra at ___ (slip op. at 8-9), defendant's substantive arguments were previously advanced and rejected by this court. In his first point on direct appeal, defendant argued that "the trial court erred in failing to have the defendant evaluated for competency when he was clearly not competent to stand trial." We concluded the trial court did not err, noting that

> as defense counsel made clear at trial, he had a more recent evaluation of [C.W.] performed, but as result of that evaluation he was "not in a position to present any type of a psychiatric defense." [C.W.] cannot now claim that this strategic decision by counsel was error on the part of the trial judge. State v. Buonadonna, 122 N.J. 22, 44 (1991) ("Strategic decisions made by defense counsel will not present grounds for reversal on appeal.").

Our prior resolution of this claim bars further consideration pursuant to Rule 3:22-5, which provides:

A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.

For the sake of completeness, however, we briefly address defendant's position on the merits. The record shows defendant was evaluated by a psychiatrist at Ann Klein Forensic Center ("AFKC") in June 1999 before the start of trial in March 2000. That psychiatrist, Dr. Christine Joseph, issued a report one month later diagnosing defendant with "malingering a psychotic disorder" and "memory disorders"; "polysubstance dependence in a controlled environment"; "intermittent explosive disorder (provisional pending obtaining a reliable history)"; and "antisocial personality disorder with narcissistic traits." A second psychiatrist at AKFC, Dr. Fadel A. Salib, conducted a competency evaluation in July 1999 and concluded defendant competent to stand trial. Dr. Salib's observations mirrored Dr. Joseph's in that Dr. Salib found defendant was "trying to exaggerate and feign psychiatric symptoms."[3]

---

[3] Malingering is defined in the Diagnostic and Statistical Manual of Mental Disorders "[a]s the intentional production of false or grossly exaggerated physical or psychological symptoms, motivated by external incentives . . . . " Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental

Defendant presented the opinion of a psychologist, Dr. David F. Bogacki, who prepared a report in February 2008. In it, Bogacki referred to a report prepared by another psychologist, Dr. Kenneth A. McNiel, which was not included in the record. From Dr. McNiel's report, Dr. Bogacki opined:

> [T]here is certainly sufficient evidence that an evaluation of [defendant's] competency by the defense <u>may have been helpful</u> as a second opinion at the time that he was released from the Forensic Psychiatric Hospital with regard to his competency to proceed. Secondly, based upon the information that he presented at the forensic hospital, a psychiatric or psychological evaluation to determine either his mental state at the time of the offense, or other mitigating factors for sentencing <u>may have also been helpful</u> with respect to this case.
>
> [(Emphases added).]

Dr. Bogacki also interpreted Dr. McNiel's report as revealing that "[Dr. McNiel] believed that [defendant]'s presentation was reliable and valid and that defendant suffered from a variety of severe psychological problems." PCR counsel argues:

> Trial defense counsel should have noticed that, while the doctors at the forensic hospital did not find [defendant] to have significant psychiatric impairments, they nonetheless maintained him on a

---

<u>Disorders</u> 836 (5th ed., text rev. 2022). Thus, Dr. Salib's findings appear equivalent to Dr. Joseph's.

16

regimen of psychotropic medications. This fact alone would certainly suggest that it would have behooved trial counsel to obtain prior to trial an independent psychiatric evaluation of [defendant] to challenge those conclusions.

Defendant's arguments are speculative. First, Dr. Bogacki assesses evidence which "may have been helpful" in determining the competency of defendant. This is not the quantum of evidence on which a PCR need be established to warrant exception to the time constraints of the Rules. See generally F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 430 (1985) (a court can find value based only "on the evidence before it and the data that [is] properly at its disposal"). Second, defendant's reliance on Dr. Bogacki's report—which, in turn, offers general opinions about another psychologist's report (Dr. McNiel) that was not part of the record and on which its indeterminate opinion is based—does not constitute evidence that the PCR court or this court may properly consider. State v. Purnell, 294 N.J. Super. 28, 48 (App. Div. 2007) (holding that the result of a trial judge's authority to order examination by the Department of Human Services assures there is always one non-partisan expert witness); N.J.S.A. 2C:4-5(a)(2). Moreover, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. A defendant "must do more than make bald assertions that he was denied the

effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). PCR courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. State v. Preciose, 129 N.J. 451, 462 (1992). As no prima facie claim was presented, the PCR court did not err in declining to hold an evidentiary hearing.

B.

Aside from the unavailing ineffective assistance of counsel claim, no other exceptional circumstances exist to permit a late filing of all but one of the remaining points raised in defendant's second PCR. The State correctly points out, for example, that a petition advanced "regarding consecutive sentences or the absence of reasons for the imposition of the consecutive sentences do not relate to the issue of sentence 'legality' and are not cognizable on PCR, or under the present Rule 3:21-10(b)(5)." State v. Acevedo, 205 N.J. 40, 47 (2011); see generally State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) ("By mandating in Rule 3:22-12(a)(2) that the one-year time limit applied '[n]otwithstanding any other provision of this rule,' the Supreme Court made clear that the late filing of a second or subsequent PCR petition could not be excused in the same manner as the late filing of a first PCR petition.").

A-2225-23

We find a single exception on the question of defendant's ability to pay restitution. It is well established that before ordering restitution pursuant to N.J.S.A. 2C:44-2(b)(2), the sentencing court must first determine a defendant has a present or future ability to pay restitution. State v. Newman, 132 N.J. 159, 169 (1993). If there is a good faith dispute over the amount of loss or the defendant's ability to pay, the court is required to conduct a restitution hearing in order to resolve those issues. N.J.S.A. 2C:44-2(c)(2); State v. Jamiolkoski, 272 N.J. Super. 326, 329 (App. Div. 1994).

On review of the record, we are satisfied that there is a good faith dispute over defendant's ability to pay. It is undisputed that at sentencing defendant was ordered to pay $5,545.94 in restitution and that he has since requested as part of his PCR petition that this order be modified or vacated. The PCR judge noted that in the course of defendant's twenty-four years of incarceration, $3,891.13 had been deducted from his prison account to pay fines, reflecting more than half of his total financial obligation and that those payments "reflect an ability to pay, albeit at a slow pace . . . ." Based on this observation, the judge denied the request to vacate or modify the order, finding it was not excessively burdensome and that there had been no change of circumstances warranting a

vacatur nor modification. The PCR judge overlooked the exception we make here.

As PCR counsel notes, in imposing restitution orders, sentencing courts must consider a defendant's financial resources. N.J.S.A. 2C:44-2(c)(1); Newman, 132 N.J. at 179. Counsel is correct in arguing that the fact the defendant has paid less than half of the total fines owed over a twenty-four-year period suggests just as strongly — if not more so — that defendant lacks the ability to pay, rather than supports the claim that they can pay. This fundamental question requires a hearing to resolve. Jamiolkoski, 272 N.J. Super. at 329 ("Where there is a good faith dispute over the amount of the loss or a defendant's ability to pay, the trial court as a matter of a defendant's due process entitlement, must hold a hearing on the issue, the character of which should be appropriate to the nature of the question presented."). Toward that end, we are compelled to vacate the PCR court's separate order of May 9, 2023, denying defendant's motion to modify restitution and direct the court to schedule an ability-to-pay hearing.

To the extent we have not addressed any other arguments raised by defendant, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

A-2225-23

Affirmed in part, vacated in part, and remanded for further proceedings. An ability-to-pay hearing shall be scheduled within sixty days of issuance of this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division